## NEW ORLEANS INSURANCE COMPANY
### v.
## HARMON SPRUANCE.

INSURANCE—POLICY IN NAME OF AGENT.—Where a broker or agent has taken insurance for his principal who is undisclosed, and the policy or certificate is in the name of the agent and not disclosing his agency, and the agent has no insurable interest in the property, a recovery in the name of such undisclosed principal is sustainable.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed May 11, 1886.

This was an action by appellee against appellant, upon a contract of insurance, made March 17, 1884, whereby the latter as it is alleged, undertook, for a valuable consideration, to insure the former against loss by fire upon one thousand bags of timothy seed then in the Northwestern warehouse, in the city of Chicago, from the 18th day of March to the 10th day of June, 1884. The grass seed mentioned was destroyed by fire May 25, 1884. The amount of insurance was $3,955. The case was tried before the court without a jury, resulting in a finding and judgment for plaintiff in the sum of $3,825.67, upon which defendant brought this appeal.

It appears that the alleged contract of insurance sued upon, arose substantially in the following manner: J. A. Miller & Co. were the local agents of the defendant insurance company at Chicago, and W. W. Caldwell was the general manager thereof throughout the northwest; that January, 1884, the defendant duly issued and put into the hands of said Miller & Co., as its agents, an open policy of insurance, of which all that is material to this case was as follows:

"No 77,400.                              $500,000.

THE NEW ORLEANS INS. CO., OF NEW ORLEANS, LA.,

"In consideration of premium paid on each certificate issued ———— dollars, and of the agreements and conditions herein

contained, do insure *whom it may concern,* to the amount of five hundred thousand dollars, as follows: in such sums, for such periods, upon such property in such places as shall appear with other particulars upon certificates of fire insurance of this company, issued under and subject to all the terms of this policy. No risk to be binding upon the company, except under said certificates duly made and signed by the authorized agents of this company at Chicago, Illinois, and it is a special condition of this policy that each and every certificate of insurance that shall be issued, shall be reported by mail to W. W. Caldwell, Manager of Northern Department, Chicago, Illinois, on the same day that the insurance is to take effect, against all such immediate loss or damage sustained by the assured as may occur by fire to the property above specified, while contained on or in the premises herein described, not exceeding the interest of the assured in the property, and except, as hereinafter provided, from the 1st day of January, eighteen hundred and eighty-four, at 12 o'clock, noon, to the ——— day of ———, eighteen hundred and ———, at 12 o'clock, noon, the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the fire, which loss or damage shall in no case exceed what it would then cost to repair or replace the same, deducting a suitable amount for any depreciation of said property from age, use or otherwise, and to be paid to the assured, or legal representative, as hereinafter provided, and subject to the following conditions:"

It appears that the procurement of risks and the issuance of certificates under said policy were within the scope of the agency of said Miller & Co.; that one T. B. Crosby had for a long time been an insurance broker, having an office in Chicago in charge of Gunning, acting for him; that the plaintiff below, Spruance, was a commission merchant in Chicago, and as such, had had frequent occasions for insurance upon produce or merchandise, which, for a year or more, he had been accustomed to have procured through the office of said Crosby, acting as his agent or broker in that behalf; that about March 17, 1884, Spruance being the owner and having warehouse

receipts in his own name for the grass seed in question, he, through his clerk, who took said receipts with him, applied at said Crosby's office for the procurement of insurance upon said seed, which was of the value of $3,955, and in store in the Northwestern warehouse; that having obtained the requisite data for the purpose, Gunning, acting for Crosby, prepared an application on behalf of said Spruance for such insurance under said open policy to be obtained at the office of said Miller & Co., with whom said Crosby, as an insurance broker, had a standing arrangement, and took said application and presented it at Miller & Co.'s office, when, the requisite particulars being understood, an entry of the insurance was thereupon made by Miller & Co., in a book of registry prepared as a means of effecting insurance under said open policy; that Miller & Co. knew at the time that said Crosby, in applying for said insurance, was acting only in the capacity of broker or agent for some of his patrons; that in pursuance of the customary mode of effecting insurance under said open policy, Miller & Co. issued to said Crosby a certificate of which the following is a copy:

"The New Orleans Insurance Company, by this certificate, in consideration of $15.82 premium paid, do insure T. G. Crosby, agent, against loss or damage by fire, to the amount of $3,955, under and subject to all terms and conditions in open policy No. 77,400, issued by said company, on merchandise contained in Northwestern warehouse, Chicago, Ill., assured's own, or held in trust or on commission, or consignment, or sold but not delivered, for which assured may be legally liable. Loss payable to assured or order hereon from the 18th day of March, 1884, to the 18th day of June, 1884. J. A. Miller & Co., Agents. Open certificates must be closed within three months from date of issue."

The evidence tended to prove the loss of the seed by fire May 25, 1884; that the contract of insurance was made by Crosby for and on behalf of Spruance; that notice of said certificate was duly given to said Caldwell, and proofs of loss properly made and presented to him.

Mr. EGBERT H. GARY, for appellant; that the contract of

insurance is a personal contract, and does not run with the subject matter of the insurance, cited May on Insurance, 5, 6 ; Wood on Insurance, 535, 536 ; Wilson v. Hill, 3 Met. 66; Sadlers Co. v. Babcock, 2 Atk. 554 ; Adams v. Insurance Co., 29 Me. 292 ; Alexandria v. Lawrence, 10 Pet. 512 ; Lynch v. Dalzell, 4 B. P. C. 431 ; Carpenter v. Insurance Co., 16 Pet. 495.

In order to recover, the person insured must have an interest in the property, and be so situated in reference to it that an injury thereto would result in pecuniary loss to him : Wood on Ins., p. 48, *et seq.;* May on Insurance, § 74; Phillips on Insurance, §§ 5, 172, 623; Flanders on Insurance, 376; Fowler v. Insurance Co., 26 N. Y. 422 ; Agricultural Insurance Co. v. Montague, 38 Mich. 551 ; Bersch v. Insurance Co., 28 Ind. 64; Sawyer v. Mayhew, 51 Me. 398; Sweeny v. Insurance Co., 20 Penn. St. 337 ; Spare v. Insurance Co., 12 Insurance L. Jour. 365 ; Insurance Co. v. M. M. Co., 1 Gil. 236 ; Dix v. Insurance Co., 22 Ill. 272; Insurance Co. v. Schneller, 60 Ill. 471; Rohrback v. Insurance Co., 62 N. Y. 47; Carter v. Insurance Co., 12 Iowa, 287 ; Seagrave v. Insurance Co., L. R. I. C. 305.

Messrs. Bisbee, Ahrens & Decker, for appellee; as to contract of agent, cited Ford v. Williams, 24 Howard (U. S.) 287; New Jersey Steam Navigation Co. v. Mcchants Bank, 6 How. U. S. 381; Beebe v. Robert, 12 Wend. 413 ; Taintor v. Prendergast, 3 Hill, 72 ; Sanderson v. Lamberton, 6 Binney, 129; Sims v. Bond, 5 Barn & Ald. 393; Truman v. Loder, 11 A. & E. 594 ; Dykers v. Townsend, 24 N. Y. 61 ; Colman v. First Nat. Bank Elmira, 53 N. Y. 393; Briggs v. Partridge, 64 N. Y. 357; Huntington v. Knox, 7 Cush. 371 ; Eastern R. R. Co. v. Benedict, 5 Gray, 561; Alexander v. Moore, 19 Mo. 143 ; Woodruff v. McGehee, 30 Ga. 158 ; Culver v. Bigelow, 43 Vt. 249; Saladin v. Mitchell, 45 Ill. 79 ; H. R. & E. R. R. Co. v. Walsh, 85 Ill. 58.

As to agent insuring for undisclosed principal : Angell on Insurance, § 81; Miltenberger v. Beacom, 9 Barr, 198 ; Ruth v. Thompson, 13 East, 274; Durand v. Thouron, 1 Port. (Ala.)

238; Watkins v. Durand, Id. 251; Seamans v. Lering, 1 Mass. 127; Solmes v. Rutger's Fire Insurance Co., 3 Keyes, 416; Motley v. Mfg. Insurance Co., 29 Me. 337; Goodall v. N. E. Mut. Fire Insurance Co., 25 N. H. 169; Phillips on Insurance, § 109.

McALLISTER, J.    The appellant's counsel does not, as we understand him, make any question as to the right of an undisclosed principal to maintain an action upon a certain class of simple contracts made in the name of his agent on his behalf.    But he contends that the general doctrine applicable to such cases can not apply to a contract of insurance under the circumstances of this case, because that contract is of a personal nature as regards the assured, and in this case Crosby, in whose name the contract was made, having no insurable interest in the property whose loss by fire was insured against, and ap. pellee, the owner and principal being unknown to appellant, the contract is for that reason invalid.    And counsel says that no case has been cited or can be found wherein it has been held that a recovery in the name of such undisclosed principal has been held sustainable, unless the agent had some insurable interest in the property.

The law of a case arises upon the facts.    What, then, are the material facts which the evidence upon the trial tended to prove?

It appears that the appellant, an insurance company had, before the transaction in question, issued the open policy in evidence, running in express terms, to whom it may concern, and placed it in the hands of Miller & Co. as its agents in Chicago, for the purpose of having the latter take risks thereunder and receive premiums on behalf of appellant, in sub stantially the same manner as was pursued in this case; that it was intended on the part of appellant, by this plan, to afford and to offer to commercial men like appellee, peculiar facilities for obtaining insurance for short periods of time, as the shifting exigencies of commerce in this city might require, it being well understood that insurance, taken under that plan, would almost universally be effected through the agency of insurance brokers acting for their respective patrons.

It appears that Crosby, long before, and at the time of the contract in question, was carrying on the business of insurance broker in Chicago ; that such was his only business, and that it was well known to Miller & Co., that he was authorized by appellee to procure the insurance in question for him, and acted in procuring it solely on appellee's behalf; that at the time Crosby made the application for this insurance at the office of Miller & Co., under said open policy, the latter well knew that he was acting only as broker, and for some third party as his principal; and the evidence tends to show that if Miller & Co. did not know at the time that appellee was, in fact, Crosby's principal in the transaction, it was because they waived all information on that subject.

Having by their plan and course of dealing, waived all information respecting for whom Crosby was acting, appellant must be regarded as having the knowledge that it was for appellee.    Davis v. Boardman, 12 Mass. 80; 1 Phil. on Ins., p. 213, § 404.

Not to so hold and to permit appellant, after a loss, to question the validity of the contract, on the ground that Crosby had no insurable interest, and appellee was unknown as principal, would be to allow appellant to use the plan which it had adopted and offered to the public as a snare for the unwary merchants who were foolish enough to confide in commercial honor.

The case for appellee further shows that in the entry of the transaction in the books of registry, and upon the face of the certificate, Crosby's agency is indicated.

We are required, upon the facts,  to hold that to all intents and purposes the contract of insurance involved in this case was with appellee, and is as valid as if his name had been inserted in the certificate in place of that of Crosby as agent. Taking the open policy and the certificate together as constituting the evidence in writing of the contract between these parties, we think it was competent for appellee to bring suit in his own name, and prove by parol his interest and relation to the contract the same as if the certificate, like the open policy, had run to whom it might concern.

But authorities of the very highest character have held that where a broker or agent had taken insurance for his principal, who was undisclosed, and the policy or certificate was in the name of the agent and not disclosing his agency, and the agent having no insurable interest in the property, a recovery in the name of such undisclosed principal is sustainable. DeVinier v. Swanson, 1 Bos. & Pul. 346, note ; Browning v. The Provincial Ins. Co. of Canada, 5 Law Rep., Privy Council Appeal Cases, 263.

Upon the facts of this case and the authorities cited, we are of the opinion that the judgment below was right and should be affirmed.

Affirmed.