DANIEL B. FAYERWEATHER et al. Appellants, v. THE PHENIX INSURANCE COMPANY, Respondent.

Plaintiffs shipped a cargo of leather, under a bill of lading which provided that the carrier should have the full benefit of any insurance that may have been effected upon the goods. The goods having been injured through the negligence of the carrier's employes, plaintiff brought this action upon a policy issued thereon by defendant, which provided that in case of loss defendant should be subrogated to plaintiffs as to all claims against the transporters of said merchandise, not exceeding the amount paid by said insurer, and that plaintiffs would make no agreement or do any act whereby this right of action against the carrier for losing or injuring the leather should be released or cut off. *Held* that the provision in the bill of lading cut off the insurers rights to be subrogated to the rights and remedies of the owner against the defaulting carrier, and that thereby plaintiffs' right to recover upon the policy was defeated.

*Jackson Co.* v. *B. M. Ins. Co.* (139 Mass. 508); *Inman* v. *S. C. R. Co.* (129 U. S. 128), distinguished.

Reported below (22 J. & S. 545).

(Argued December 18, 1889; decided January 14, 1890.)

Appeal from judgment of the General Term of the Superior Court of the city of New York entered upon an order made May 4, 1887, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This action was upon a policy of marine insurance.

The material facts are stated in the opinion.

*Wm. H. Arnoux* for appellants.   As a policy of insurance is a unilateral instrument prepared by the insurer, its provisions are to be construed strictly against the insurer, favorably to the insured. (May on Ins., §§ 175, 176).   The contract of insurance gave to plaintiffs a right of indemnity from defendants for the loss sustained by them in the sinking of the vessel, notwithstanding such loss was caused by the negligent act of one of the mariners. (*Huron* v. *A. M. Ins. Co.*, 63 N. Y. 77, 86; *Davidson* v. *Burnand*, L. R. [4 C. P.], 117; *Holder* v. *M. M. Ins. Co.*, L. R. [17 Q. B. Div.] 354; *P. Ins. Co.* v. *E. T. Co.*, 117 U. S. 323.)   This right of recovery is not defeated by any provision contained in the bill of lading. (*P. Ins. Co.* v. *E. T. Co.*, 117 U. S. 312, 321; *Jackson Co.* v. *B. M. Ins. Co.*, 139 Mass. 508, 510.)

*George A. Black* for respondent.   The agreement in the bill of lading having made it impossible for the plaintiffs to do what they agreed with the defendant to do, they cannot recover.   (*Bank of Kentucky* v. *A. E. Co.*, 93 U. S. 174, 183; *R. R. Co.* v. *Lockwood*, 17 Wall. 357; *R. R. Co.* v. *Pratt*, 22 id. 123; *The Brantford City*, 29 Fed. Rep. 373; *P. I. Co.* v. *E. & W. T. Co.*, 117 U. S. 312; *Rintoul* v. *N. Y. C. R. R. Co.*, 21 Blatch. 439; *Platt* v. *R. Y. R. & C. R. R. Co.*, 108 N. Y. 364; *Carstairs* v. *M. & T. Ins. Co.*, 18 Fed. Rep. 473; *M. M. Ins. Co.* v. *Calebs*, 20 N. Y. 173, 175; 2 Phillips on Ins., 407, 408, §§ 1685, 1741; *A. Ins. Co.* v. *Storrow*, 1 Edw. Ch. 621; 5 Paige, Ch. 285; *Inman* v. *S. C. R. R. Co.*, 129 U. S. 128.)   The vessel was not shown to be seaworthy.   (*Van Wickle* v. *M. Ins. Co.*, 97

N. Y. 350, 353.) The proof that there was no storm or collision showed that the vessel was not sunk by a sea peril. (*Atkinson* v. *G. W. Ins. Co.*, 65 N. Y. 553; *Grim* v. *P. Ins. Co.*, 13 Johns. 451; *Riggin* v. *P. Ins. Co.*, 7 H. & J. 279; *Cleveland* v. *N. Ins. Co.*, 8 Mass. 308; 2 Arnould on Mar. Ins., 774, 777.)

Follett, Ch. J. The plaintiffs were the owners of 211 bales of leather, which the Old Dominion Steamship Company undertook to transport by its steamer Guyandotte from Norfolk, Va. to New York, and deliver to the owners. The vessel reached New York, June 17, 1885, with the leather safe on board, and within twenty-four hours after arrival she sunk at her dock through the negligence of the employees of the steamship company. By this accident the leather was injured, as it is agreed, to the plaintiff's damage in the sum of $1,295.32. In considering this case, the liability of the carrier to the owners of the leather for this loss, will be assumed. The bill of landing under which the leather was shipped contained this provision:

"It is further stipulated and agreed that in case of any loss, detriment or damage to be sustained by any of the property herein receipted for during such transportation, whereby any legal liability or responsibility shall or may be incurred by the terms of this contract, that company alone shall be held answerable therefor in whose actual custody the same may be at the time of happening of such loss, detriment or damage, *and the carrier so liable shall have the full benefit of any insurance that may have been effected upon or on account of said goods.*"

The defendant insured the plaintiffs against the loss sustained by them by an open, time, marine policy which contained these provisions:

"In the event of loss, the assured agrees to subrogate to the insurers all their claims against the transporters of said merchandise, not exceeding the amount paid by said insurers."

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

" In case of any agreement or act, past or future, by the insured, whereby any right of recovery of the insured, against any persons or corporations, is released or lost, which would, on acceptance of abandonment or payment of loss by this company, belong to this company, but for such agreement or act, or in case this insurance is made for the benefit of any carrier or bailee of the property insured, other than the person named as insured, the company shall not be bound to pay any loss; but its right to retain or recover the premium shall not be affected."

This action is prosecuted by the assured owners to recover from the insurer their loss so sustained; and it is defended on the ground that the owners violated the provision of the contract of insurance above quoted, by contracting with the carrier, without the insurer's knowledge, that the carrier in case of liability for loss, should have the benefit of the insurance, and, in effect, that the insurer on paying the owners loss should be deprived of its right to be subrogated to the owners right of action against the carrier for injury to the leather.

When goods in the hands of a common carrier for transportation are insured by the owner, and are subsequently lost or injured under circumstances rendering the carrier liable to the owner for the damages and the insurer pays the loss to the owner, the insurer in the absence of stipulations between the carrier and owner defeating the right, is entitled to be subrogated to the rights and remedies of the owner against the carrier. (*Hall* v. *Railroad Co.*, 13 Wall. 367; *C. F. Ins. Co.* v. *Erie Railway Co.*, 73 N. Y. 399; Sheld. on Sub. § 329). But the struggle between carriers and insurers to escape the liability imposed under the usual bills of lading and policies, by casting the burden of the loss upon the other by the insertion of unusual and astute provisions in their respective contracts with the owner, has rendered this simple rule of law quite inapplicable to many of the cases arising under such special contracts.

The provision quoted from the bill of lading cut off the insurer's right to be subrogated to the rights and remedies of

the owner against the defaulting carrier. (*M. M. Ins. Co.* v. *Calebs,* 20 N. Y. 173; *Platt* v. *R. Y. R. & C. R. R. Co.* 20 J. & S. 496; aff'd. 108 N. Y. 358; *Phoenix Ins. Co.* v. *Erie & Western Trans. Co.,* 10 Biss. 18; aff'd. 117 U. S. 312; 118 id. 210.) It has been held, *Jackson Co.* v. *Boylston Mutual Ins. Co.* (139 Mass. 508), in an action by the owner against the insurer for the recovery of a loss covered by the policy and caused by the actionable negligence of the carrier, that a stipulation between the owner and carrier, giving the latter the benefit of an insurance upon the goods, is not a defense to the insurer, and that a provision in the policy : "That this insurance shall be void in case the policy or the interest insured thereby shall be sold, assigned, transferred or pledged without the consent in writing of the insurer," is not violated by the agreement between the owner and carrier that the latter should have the benefit of any insurance on the goods carried.

In *Inman* v. *South Carolina Railway Company* (129 U. S. 128), the defendant, a common carrier, transported cotton under a bill of landing which contained a stipulation that the carrier incurring any legal liability for the loss of the cotton "shall have the benefit of any insurance which may have been effected upon or on account of said cotton." The owners insured the cotton under policies which contained this stipulation : "And any act of the insured waiving or transferring, or tending to defeat or decrease any such, (the insurer's) claim against the carrier, or such other person or persons, whether before or after the insurance was made under this policy, shall be a cancellation of the liability of the said insurance company for or on account of the risk insured for which loss is claimed. In event of loss the assured agrees to subrogate to the insurers all their claims against the transporters of said cotton, not exceeding the amount paid by said insurers." The cotton was lost by the negligence of the carrier. The insurers adjusted the loss but did not pay the owner, agreeing with him that he should sue the carrier without prejudice to his claims under the policies, and that interest should be allowed upon the

claim as adjusted until it could be collected. The assured owner sued the carrier, which defended on the ground that by the stipulation in the bill of landing it was entitled to the insurance effected on the cotton, which the owner had nullified by accepting a policy containing the stipulation quoted. It was held that the stipulation in the policy was not a defense. It is unnecessary to determine whether the reasons given for the judgment in the case last cited can be harmonized with the reasons given for the judgments in the previous cases hereinbefore cited, because none of the cases determine the precise question presented in the case at bar.

The plaintiffs in this action expressely stipulated that they would make no agreement, nor do any act whereby their right of action against the carrier for losing or injuring the leather should be released or cut off, and that in case the carrier became liable to the plaintiffs for losing or injuring the leather, the defendant, the insurer, on paying the loss, should be subrogated to their right of action against the carrier. By the contract entered into between the plaintiffs and the carrier, the rights stipulated for by the insurer have been wholly nullified and cut off, which defeats the plaintiffs right to recover on the policy. (*Carstairs* v. *Mechanics & Traders Ins. Co.*, 18 Fed. Rep. 473.)

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not voting.

Judgment affirmed.