Argued July 1; decided October 19, 1896.

## LONG CREEK BUILDING ASSOCIATION *v.* STATE INSURANCE COMPANY.

[46 Pac. 366.]

1. SERVICE OF NOTICE OF APPEAL—CODE, § 531.—Under section 531 of Hill's Code, providing that service of notice of appeal may be made on the attorney of the opposite party if the attorney resides in the county where the action is pending, it is not necessary that such service should be made within the county in which such attorney resides, but it may be made anywhere within the state.

2. PLEADING AND PROOF—INSURANCE ACTIONS.—The general rule that the proofs must follow the allegations, applies to actions on insurance policies as well as to other actions, and in an action on a fire policy plaintiff cannot plead that he furnished the required proofs of loss, and recover on evidence that such requirement had been waived.

3. SCOPE OF AGENT'S AUTHORITY A QUESTION OF LAW.—While the existence of an agency is always a question of fact to be ascertained by a jury, what may lawfully be done thereunder is a question of law to be decided by the court: *Glenn* v. *Savage*, 14 Or. 567, followed.

4. Agency — Supreme Court — Bill of Exceptions.— The supreme court cannot declare as a matter of law the authority of an agent unless the bill of exceptions contains all the evidence bearing on the subject.

5. Burden of Proof to Show Agent's Authority.— Where a note given for the premium due upon a policy of insurance is made payable at the home office of the company, the insured, on making payment to an agent not in possession of the note, assumes the burden of proof that such agent had authority, express or implied, to receive the money.

6. Authority of Agent.— The mere authority of the agent of an insurance company to solicit applications for insurance, to countersign and deliver policies, and to receive and transmit premiums, does not carry with it authority to receive payment upon a premium note which, by its terms, is payable at the home office of the company, and which is not in the possession of the agent at the time.

7. Payment of Premium.— Where the issue was whether the payment by the insured of a premium note to an agent who had not possession thereof was payment to the company, it appeared that the note, by its terms, was payable at the home office; that, before the note came due, the company notified plaintiff of the fact, and that no agent or other person had authority to collect it, or receive payment thereof, unless he had the note in his possession at the time. *Held,* that it was error to charge the jury that such notice was not binding on the plaintiff, unless the company showed that its terms had been accepted by the plaintiff.

From Grant: Morton D. Clifford, Judge.

This is an action by the Long Creek Building Association on an insurance policy issued by the State Insurance Company in October, eighteen hundred and ninety-four, for the premium of which the plaintiff gave its promissory note, payable on or before January first, eighteen hundred and ninety-five, at the home office of the defendant company in the City of Salem. Both the note and policy contained a provision that in case the note was not paid at maturity the policy should be null and void, and the company relieved from liability for

any loss happening during such default of payment. The policy also contained the stipulation usual in such instruments that no action could be maintained thereon until proof of loss in the form prescribed should be furnished the company by the assured. The plaintiff, in its complaint, alleged the issuance of the policy; the loss on January fourth, eighteen ninety-five, of the building covered thereby, and its value; and that "on the first day of February, eighteen hundred and ninety-five, thereafter plaintiff furnished defendant with proof of said loss and interest, and otherwise and at all times duly performed all the conditions of the policy on its part, including the payment of the premium note according to the tenor thereof."

The defendant denied that proof of loss was furnished as alleged, or at all, and for a defense averred that the plaintiff failed and neglected to pay the premium note at maturity, and by reason thereof the policy was null and void at the time of the fire. The reply put in issue the new matter set up in the answer, and alleged that the amount due on the premium note was paid December twenty-ninth, eighteen hundred and ninety-four, to one Orin L. Patterson, the local agent of the defendant at the place where the insured property was situated, and that he was duly authorized and empowered to receive the same, or, if not so authorized, the defendant afterwards, with knowledge of the facts, ratified and approved of his action in so doing. Upon the issues thus joined a trial was had, resulting in a

judgment in favor of plaintiff, from which defendant appeals.                                    REVERSED.

For appellant there was a brief by *Messrs. W. T. Slater* and *George G. Bingham*, and an oral argument by *Mr. Slater*.

For respondent there was a brief signed by *Messrs. Fee, Carter, Hailey, and Austin*, and *Thornton Williams*, with an oral argument by *Mr. James A. Fee*.

Opinion by MR. JUSTICE BEAN.

1. This action was commenced and tried in Grant County, and the notice of appeal served in an adjoining county upon an attorney of defendant who resided in the county in which the trial was had. The plaintiff moves to dismiss the appeal on the ground that service of a notice of appeal upon an attorney must be made in the county where he resides, but we do not so read the statute. Section 531, Hill's Code, as construed by this court, authorizes the service of notices of appeal upon either the party or his attorney, if the latter resides in the county where the action was tried; but it would be a strange construction of the statute to hold that service upon an attorney could be made only in the county in which he resides. The requirements of the statute are, in our opinion, satisfied if the service is made upon the resident attorney, whether made in or out of his home county. The motion to dismiss is therefore denied.

2. The next question we are called upon to consider is one of pleading and practice. The complaint avers that plaintiff furnished proof of loss as required by the policy, but, instead of attempting to sustain this allegation at the trial, it offered and was permitted, over defendant's objection, to give in evidence facts which it claimed, and the court ruled, tended to show a waiver of such performance by defendant. This was error. The furnishing of proof of loss is made by the policy a condition precedent to plaintiff's right of recovery. It was, therefore, essential to the sufficiency of the complaint that it should affirmatively show either a performance of such condition, or that it had been waived. It averred performance, and, this being denied, the proof should have been confined to the issue thus made. The rule is well settled that a plaintiff can not plead performance of a condition precedent, and recover under proof of a waiver of such performance: See 4 Enclycopedia of Pleading and Practice, 631, for authorities. It is true that in some jurisdictions an exception to this rule seems to have been made in actions on insurance policies, (*McCullough* v. *Phœnix Insurance Company,* 113 Mo. 606, 21 S. W. 207,) but it does not commend itself to us as founded upon either reason or authority: 2 Wood on Fire Insurance, 1134; *Home Insurance Company* v. *Duke,* 43 Ind. 421; *Indiana Insurance Company* v. *Capehart,* 108 Ind. 270 (8 N. E. 285); *Fayerweather* v. *Phœnix Insurance Company,* 118 N. Y. 324 (6 L. R. A. 805, 23 N. E. 192); *Western Home Insurance Company* v. *Thorp,* 48 Kan. 239 (28 Pac. 991); *McCormack* v.

*North British Insurance Company*, 78 Cal. 468 (21 Pac. 14); *Edgerly* v. *Farmers' Insurance Company*, 43 Iowa, 587. A condition which qualifies or defeats the plaintiff's claim, being a condition subsequent, may be safely ignored by him in his complaint, because it is a matter of defense, and waived unless pleaded by the defendant; but he is required to show affirmatively either a substantial performance of a condition precedent to his right of action, or that such performance has been waived, and before he can do either he must plead it. Under our statute it is not necessary to state the facts showing performance as at common law, but a plaintiff may plead generally that he has duly performed all the conditions on his part (Hill's Code, § 87); but this statute in no way changes the rules of evidence, or permits a plaintiff to plead performance and recovery by showing a waiver. It is elementary law that the proof must correspond to the allegations, and there is no reason why this rule, found by long experience to be necessary to the orderly administration of justice, should not apply in actions on insurance policies as in all other cases. It imposes no hardships upon the plaintiff, and is but even-handed justice to the defendant. A waiver of a mere defect in a proof of loss as furnished may, however, be shown without pleading it, because an omission to notify the assured of such a defect promptly and specifically estops the company from claiming that the proof furnished does not comply with the provisions of the policy, and it is therefore deemed to be due proof of loss, and sustains an

allegation of performance. But where no attempt whatever is made to comply with the provisions of the policy in that regard, but reliance is had entirely upon a waiver of performance, the waiver must be pleaded before it can be proved.

3. The principal question of fact on the trial was whether the promissory note had been paid before the fire. It is admitted that prior to that time the plaintiff paid the amount thereof to a clerk of the local agent or solicitor through whom the insurance was effected, but who was not in possession of the note, and the contention for the defendant is that the agent had no authority to receive such payment, and this was the important question for the determination of the court and jury. Upon this issue the court charged the jury that "Insurance agents act mainly in soliciting insurance, receiving and forwarding the application of the insured, delivering the policy to him, and receiving the premiums. Where the agent can take premiums, he can use his discretion as to the mode; he can take a check, and notice to the agent of a material fact is notice to the principal whether communicated or not. In short, the agent represents his principal, and his acts and transactions had with him are the acts of the company and transactions had with the company, provided said acts and transactions be within the scope of his authority. So that you must find first whether Patterson was the authorized agent of the company, and you must find it like any other fact, from the

evidence and under the same rules; and if you find
he was, then you must find in the same way if the
transactions had with him by plaintiff were within
the scope of his authority; and if they were, then
it has the same force as they would have, had
plaintiff dealt with the company itself, otherwise,
not." By this instruction, as well as throughout
the entire charge of the court, it was left to the
jury to determine both the fact of Patterson's
agency and whether by virtue thereof he was au-
thorized to receive payment of the promissory note.
This was manifest error. While the existence of an
agency is always a question of fact, what may be
lawfully done thereunder is a question of law: *Glenn*
v. *Savage*, 14 Or. 567 (13 Pac. 442). Where the fact
of the appointment and authority of an agent is
not in controversy, it is the duty of the court to
declare, as a matter of law, whether or not it em-
powers him to perform the particular act in ques-
tion, but where there is a dispute as to the appoint-
ment or authority conferred upon an agent by his
principal, the jury must find the facts; but when
they have done so, they must take the law from the
court as to whether a given act comes within the
scope of the agent's authority. In this case, how-
ever, the court erroneously submitted both the facts
and the law to the jury.

4. We were urgently requested at the argument
to decide whether Patterson had authority to re-
ceive payment of the note in question, as that
seems to be the principal matter of controversy be-

tween the parties to this litigation. But we are precluded from doing so, because no such question was raised or passed upon by the court below; nor could we, if it had been, because the bill of exception does not contain or purport to contain all the evidence bearing upon his authority.

5. The fact that the note by its terms is payable at the home office of the company did not preclude it from receiving payment elsewhere through an authorized agent, but, the plaintiff having made such payment to an agent not in possession of the note, the burden of proof is upon it to show that he had authority, either express or implied, from the company to receive the same: *Paris* v. *Moe*, 60 Ga. 90.

6. And it is also true that a mere authority to receive applications for insurance, countersign and deliver policies, and receive and transmit premiums is insufficient for that purpose: *Bouton* v. *American Mutual Life Insurance Company*, 25 Conn. 542; *Critchett* v. *American Insurance Company*, 53 Iowa, 404 (36 Am. Rep. 230, 5 N. W. 543). When such an agent delivers the policy, receives and forwards the premium note to the home office, his power of molding or changing the terms of the contract or receiving payment of the premium ceases, unless authority to do so is expressly delegated or sanctioned by known or permitted usage: May on Insurance, § 138. If, therefore, Patterson had no authority from the company, either express or implied,

29 OR.— 39.

except " to solicit and receive applications for insurance on such property in such amounts and at such rates as are permitted by the rules and instructions furnished by said company, and not otherwise, to receive and transmit the premiums therefor," we think it clear that the payment of the premium note to him was not a payment to the company, unless the act was afterwards ratified and approved by it. Whet' 'r he had any further authority, or whether ' s acts were ratified and approved by the company, are questions to be hereafter determined.

7. The defendant gave evidence on the trial tending to show that about a month before the premium note became due it notified the plaintiff in writing of the date when the same would become due, and that no agent or other person had authority to collect or receive payment thereof unless he had the note in his possession at the time, and that any payment made to such agent or person would not be recognized by the company. But the court charged the jury that plaintiff was not bound by this notice, unless the defendant proved to their satisfaction that its terms had been accepted and acquiesced in by the plaintiff. Upon what theory this instruction can be sustained or was given we are at a loss to understand. The notice in no way affected the terms of the contract between the plaintiff and defendant. There was no stipulation therein that plaintiff should be permitted to pay the note to some agent of the company who did not have it

in his possession, but on the contrary it was expressly agreed that it should be paid at the home office. This being so, it would be strange indeed if the defendant could not warn the plaintiff against the consequences of paying it to some agent who did not have it in his possession, or that it could not by notice to the maker revoke any authority, real or apparent, it had previously given to the agent to receive such payment. If the notice in question was received by the plaintiff prior to the payment to Patterson, it is clear that the payment was not binding on the company, whatever authority Patterson may have had prior to that time. It is admitted he did not have the note in his possession, and therefore, according to the terms of the notice, had no authority to receive payment thereon. The rule does not prevail that once an agent always an agent, as seems to have been the impression of the trial court as indicated by the instruction referred to. Whether Patterson had authority to receive payment of the promissory note we do not undertake to decide at this time, but we have no hesitancy in saying that if he ever had such au_ thority the receipt by plaintiff of the notice referred to would certainly be in effect a revocation thereof. The judgment is reversed and a new trial ordered.

REVERSED.