Argued February 21, reversed and remanded March 12, motion to
retax costs denied April 16, 1918.

# MERCER *v.* GERMANIA INS. CO.*

### (171 Pac. 412.)

**Evidence—Parol Evidence Varying Writings.**

1. In action on insurance policy, it was error to admit parol evidence to vary the contract, unless the insurer was estopped to avail itself of the portions of the contract sought to be modified.

[As to parol evidence to explain mercantile and other contracts, see notes in 6 Am. Rep. 678; 28 Am. Rep. 210.]

**Insurance—Character of Contract.**

2. A policy of insurance is a personal contract.

**Insurance—Character of Contract—Rights of Wife.**

3. A wife cannot recover on an insurance policy in her husband's favor.

**Insurance—Contracts—Estoppel.**

4. Notwithstanding Section 4666, L. O. L., providing the standard form of fire insurance policy, an insurer may estop itself to rely on a defense reserved to it in such standard policy.

**Principal and Agent—Undisclosed Principal—Right to Sue.**

5. An undisclosed principal may ordinarily sue on a contract made by his agent for his benefit.

**Insurance—Undisclosed Principal—Right to Sue.**

6. An action on an open insurance policy is within the rule that an undisclosed principal may ordinarily sue on a contract made by his agent for his benefit.

**Insurance—Contracts—Estoppel.**

7. Where the property owner, on learning that a fire policy was in her divorced husband's name, sent her agent to the insurer's agent, who advised her to get an assignment of the policy, but said that the policy was all right, when in fact it was void, the insurer was estopped

---

*The question of parol evidence as to varying or contradicting written contracts, as affected by the doctrine of waiver or estoppel as applied to policies of insurance, is discussed in note in 16 L. R. A. (N. S.) 1165.

As to character of contract as affecting right of undisclosed principal to sue thereon, see notes in 29 L. R. A. (N. S.) 472; 39 L. R. A. (N. S.) 324.

As to effect of divorce on right of trustee in bankruptcy to husband's life insurance policies payable to wife, see note in 41 L. R. A. (N. S.) 125.

On widow's right to proceeds of insurance on deceased husband's life payable to himself or his executors or administrators, see note in 35 L. R. A. (N. S.) 964.        REPORTER.

to defend under clause of policy avoiding it if the insured's interest were other than as therein stated.

**Pleading—Reply—Departure.**

8. Where property owner set up fire policy in her divorced husband's name, and the insurer set up clause avoiding policy if the insured's interest were other than as stated, and the reply only relied on estoppel *in pais* to set up such defense, in that insurer's agent told plaintiff the policy was valid, plaintiff could not recover, since the estoppel, being pleaded only in the reply, was not available to plaintiff.

From Marion: Percy R. Kelly, Judge.

Department 2.

This is an action brought by Mary I. Mercer on a policy of fire insurance issued by the defendant April 7, 1915, covering some real and personal property in Marion County belonging to plaintiff. The property was destroyed by fire January 27, 1916. The policy was in favor of A. G. Mercer, who is alleged in the complaint to have been the agent of plaintiff and to have negotiated the insurance on plaintiff's behalf.

The answer denies that defendant made any contract with plaintiff. It alleges that the policy written in favor of A. G. Mercer contained all the stipulations required to be placed therein by the laws of Oregon and provided that the policy should be void if the interest of the insured were other than sole and unconditional ownership.

The reply alleges that in December, 1915, plaintiff learned for the first time that the policy had been written in the name of A. G. Mercer; that she requested defendant to amend the policy by inserting plaintiff's name therein in lieu of that of A. G. Mercer or that defendant cancel the policy and issue to her a new one for the remainder of the term; that defendant refused to comply with these requests or to return to plaintiff any part of the premium paid; that defendant advised plaintiff to secure an assignment of the policy from

A. G. Mercer and assured her that she would be indemnified in the event of a fire pending the assignment of the policy. These facts are alleged as an estoppel against the affirmative defense relied on by defendant.

A jury found for plaintiff on the above issues and defendant appeals from a judgment entered on this verdict.    Reversed and Remanded.

For appellant there was a brief over the name of *Messrs. Veazie, McCourt & Veazie,* with an oral argument by *Mr. J. C. Veazie.*

For respondent there was a brief over the name of *Messrs. McNary & McNary,* with an oral argument by *Mr. John H. McNary.*

McCAMANT, J.—1–3. Error is assigned on the reception of evidence that the property destroyed belonged to plaintiff and that her husband, A. G. Mercer, acted as her agent in procuring the insurance. This parol evidence tended to modify the terms of the written contract and the court erred in receiving it unless defendant is estopped from availing itself of the portions of the contract so undertaken to be modified. A policy of insurance is a personal contract: Joyce on Insurance (1 ed.), § 23; *Drennen* v. *London Assur. Corp.,* 20 Fed. 657–659. A wife cannot recover on a policy of insurance written in favor of her husband: *Trott* v. *Woolwich Mut. Fire Ins. Co.,* 83 Me. 362 (22 Atl. 245); *Pelican Ins. Co.* v. *Smith,* 107 Ala. 313, 18 South. 105. The form of a fire insurance policy is statutory in this state: Section 4666, L. O. L. It is held that the conditions of this statutory policy can be waived by the insurer only in the manner therein specified: *Oatman* v. *Bankers' Fire Relief*

*Assn.,* 66 Or. 388, 396–398 (133 Pac. 1183, 134 Pac. 1033); *Boardman* v. *Insurance Company of Pennsylvania,* 84 Or. 60, 70 (164 Pac. 558).

4. The distinction between waiver and estoppel as applied to an action on a contract of insurance is clearly pointed out by Mr. Chief Justice Moore in *Kimball* v. *Horticultural Fire Relief,* 79 Or. 133, 140, 141 (154 Pac. 578). It was not the intention of the legislature when it enacted the statute defining the form of an insurance policy to relieve insurance companies from those estoppels *in pais* which are essential to fair dealing in the business world. Notwithstanding this legislation an insurer may still estop itself from relying on one or more of the defenses reserved to it in the standard policy: 1 Clement on Fire Insurance, 409, 410; *Welch* v. *Fire Assn.,* 120 Wis. 456 (98 N. W. 227); *Kimball* v. *Horticultural Fire Relief,* 79 Or. 133, 140, 141 (154 Pac. 578). It is admitted that plaintiff was sole owner of the insured property at the date of the policy and at all times thereafter and it is clearly proved that A. G. Mercer acted as her agent in negotiating the insurance. The money used to pay the premium belonged to plaintiff.

5–7. It appears from the testimony that five or six weeks prior to the fire plaintiff learned for the first time that the policy was taken in the name of A. G. Mercer, whom in the meantime she had divorced; she thereupon sent an agent to Mr. W. E. Liston, defendant's agent who had written the policy; there is no substantial dispute as to the conversation which ensued; Liston advised Mrs. Mercer to secure an assignment of the policy, but told her that the policy then in her possession was all right. There was sufficient testimony to take to the jury the question of whether plaintiff relied on this statement and failed for this reason to secure other

insurance. Liston was still agent for the defendant when the above conversation took place.

We find here all of the elements of an estoppel within the rule announced in *Page* v. *Smith,* 13 Or. 410, 414 (10 Pac. 833), and *Oregon* v. *Portland General Electric Co.,* 52 Or. 502, 528 (95 Pac. 722, 98 Pac. 160). The policy written in April, 1915, was void; plaintiff was informed it was all right. This statement was made to a woman ignorant of the truth; it was made by an underwriter of large experience who knew the facts. He must have intended that plaintiff should act upon it and there is evidence that she did rely upon it to her injury. Defendant should not be permitted to escape liability on this policy on the ground that it named A. G. Mercer as the insured. An undisclosed principal may ordinarily sue on a contract made by his agent for his benefit: *Kingsley* v. *Siebrecht,* 92 Me. 23 (42 Atl. 249, 69 Am. St. Rep. 486); *Powell* v. *Wade,* 109 Ala. 95 (19 South. 500, 55 Am. St. Rep. 915); *Warder* v. *White,* 14 Ill. App. 50; *Prichard* v. *Budd,* 76 Fed. 710 (22 C. C. A. 504); *Morris* v. *Chesapeake & O. S. S. Co.,* 125 Fed. 62. An action on an open insurance policy is within this rule: *New Orleans Ins. Co.* v. *Spruance,* 18 Ill. App. 576. The evidence was sufficient to justify the jury in holding defendant estopped to insist on those provisions of the policy which take this contract out of the operation of the foregoing principles of law.

8. The facts constituting the estoppel are alleged only in the reply and defendant contends that they are for that reason unavailable to plaintiff.

"It has often been held by this court that the plaintiff must prevail, if at all, upon the matters alleged in his complaint, and that he cannot set up one cause of action or suit in the complaint, and recover upon another and different ground of relief in a reply": *Union*

*Street Ry. Co.* v. *First National Bank,* 42 Or. 606, 611 (72 Pac. 586, 73 Pac. 341).

In applying the foregoing principle it has been held that in an action on a contract plaintiff must prove a right to prevail under the contract unless he alleges in his complaint a waiver on the part of the defendant of some of the provisions of the contract or an estoppel to assert them as a defense: *Hannan* v. *Greenfield,* 36 Or. 97, 102 (58 Pac. 888); *Young* v. *Stickney,* 46 Or. 101, 104, 105 (79 Pac. 345). This doctrine has been repeatedly applied in actions on insurance policies: *Bruce* v. *Phoenix Company,* 24 Or. 486, 491 (34 Pac. 16); *Long Creek Bldg. Assn.* v. *State Ins. Co.,* 29 Or. 569, 573 (46 Pac. 366); *Cranston* v. *West Coast Life Ins. Co.,* 63 Or. 427, 442 (128 Pac. 427); *Waller* v. *City of New York Co.,* 84 Or. 284, 293 (164 Pac. 959). This question was not called to the attention of the court in *Lindstrom* v. *National Life Ins. Co.,* 84 Or. 588 (165 Pac. 675), and this case must not be considered as overruling the earlier decisions. The question is concluded in this jurisdiction by the precedents above cited.

The contract on which plaintiff sues is an insurance policy in favor of A. G. Mercer. It provides that the policy shall be void if the interest of the insured be other than sole and unconditional ownership of the property covered. A. G. Mercer did not own this property. It is manifest, therefore, that plaintiff cannot recover on the contract as drawn and the complaint fails to allege an estoppel of the defendant to insist on its rights under the policy.

It follows that the court erred in receiving oral evidence which tended to modify the written contract sued on and the judgment must be reversed. If this testimony had been excluded because of the condition of the pleadings it is probable that plaintiff could have

amended so as to obviate the objections.  We think, therefore, that we should not direct judgment of nonsuit, but should remand the cause for further proceedings, and it is so ordered.

REVERSED AND REMANDED.
MOTION TO RETAX COSTS DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.