QUEEN INSURANCE COMPANY, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**INSURANCE: Subrogation—Contract For By Carrier.** A contract provision to the effect that a lessor railway company "shall have full benefit of any insurance effected by the lessee on structures erected on the leased premises" is valid and enforcible *if the lessor has an insurable interest in the property.*

FAVILLE, J., dissents. See *Hartford Fire Ins. Co. v. Payne,* 199 Iowa 1008.

**CONTRACTS: Legality of Object—Entire or Severable Contract.** A contract provision which is valid when standing alone is not necessarily rendered invalid by the fact that in the contract in question it is interwoven with other contract provisions which may be violative of a statute. So held where a lease sought to exempt the lessor, a railroad company, from liability to the lessee for negligence, but provided that, if such exemption legally failed, "the lessor shall have full benefit of any insurance effected by the lessee on structures erected on the premises."

Headnote 1:  26 C. J. p. 437 (Anno.)  Headnote 2:  13 C. J. p. 512.

*Appeal from Keokuk District Court.*—D. W. HAMILTON, Judge.

JANUARY 12, 1926.

REHEARING DENIED APRIL 9, 1926.

ACTION to recover damages for the loss of an ice house by fire. Demurrer to the defendant's answer was overruled, and plaintiff appeals.—*Reversed.*

*Willcockson & Willcockson* and *Stipp, Perry, Bannister & Starzinger,* for appellant.

*Baker & Stockman, A. B. Howland,* and *J. G. Gamble,* for appellee.

STEVENS, J.—I.   Appellant insurance company, as assignee of the insured, brings this action against the appellee railway company for damages by fire to an ice house situated on its

1. INSURANCE: subrogation: contract for by carrier.

right of way at What Cheer, Iowa, alleging that the fire which totally destroyed the building was communicated thereto by sparks from a passing locomotive, negligently operated by the agents and servants of the company.   Various defenses, based upon an alleged lease between the railway company and the insured, were pleaded in separate divisions of its answer.   Appellant demurred to Divisions 2 and 3 thereof, upon specific grounds which, stated generally, were that the matters pleaded did not constitute a defense to appellant's cause of action, and that the provisions of the contract presently to be stated are void, as in violation of Section 2110-m, Supplement to the Code, 1913 (Section 8170, Code of 1924).   The demurrer was overruled, and, appellant refusing to proceed further, its petition was dismissed, and the costs taxed to it.   The provisions of the lease between the insured and the railway company under which the ice house was located upon the right of way, and upon which appellee relies, are as follows:

"In consideration of the privilege hereby given the lessee to occupy and use a portion of the ground of the lessor, as above described, and the benefits and privileges to be derived therefrom and of the rental as above named, the lessee hereby releases the lessor, its successors, or assigns, from all liability for damage, by reason of want or failure, at any time, of title on the part of the lessor, to any part of the leased premises; and hereby releases the lessor, its successors or assigns, from all liability for damage or otherwise, by reason of any injury to or destruction of any real or personal property, of any kind, owned by the lessee, or in which the lessee is interested, which now is or may hereafter be placed or be on any part of said leased premises, in consequence of fire caused by or originating from any locomotive or cars, or their operation, or in consequence of any locomotive or car's running off of the track, or in con-

sequence of anything else whatsoever, and whether there be or not, in the event of any such injury or destruction, any fault or negligence of the lessor, or of any of its agents or employees, in any way causing or contributing to such fire or such other thing whatsoever, in any way causing or contributing to such injury or destruction, and the lessee agrees with the lessor, its successors or assigns, that the lessor shall be free and exempt from any liability for any such injury or destruction, as aforesaid, and the lessee hereby assumes all risk thereof. *The lessee hereby further agrees that if in any event the release hereinbefore made shall not be valid, the lessor shall have full benefit of any insurance effected by the lessee on the structure or property injured or destroyed,* and the lessee further agrees that they will, at all times during their occupancy of the premises, indemnify and save harmless the lessor, its successors or assigns, from any and all manner of claims or recoveries by any person, company or corporation for loss, or damage to any structure or real or personal property of any kind, placed or stored or being stored, upon any part of said leased premises whether owned by the lessee or any other person or corporation, and whether such loss or damage be in consequence of one or another of the causes hereinbefore stated.''

The argument of counsel for appellee proceeds on the theory that the provisions of the lease just quoted are in no event all void; and, for the purpose of convenience of reference, we have italicized certain provisions thereof.

Section 2110-m, Supplement to the Code, 1913, is as follows:

''In the event that any elevator, warehouse, coal shed, ice house, buying station, flour mill or any other building used for receiving, storing or manufacturing any article of commerce transported or to be transported, situated on the right of way or other land of a railroad company shall be injured or destroyed by the negligence of any railroad company, or the servants or agents of any railroad company in the conduct of the business of such company, the railroad company so causing such injury or destruction shall be liable therefor to the same extent as if such elevator, warehouse, coal shed, ice house, buying station, flour mill or any other building used for receiving, storing or manufacturing any article of commerce transported or to be

transported was not situated on the right of way or other land of such railroad company, any provision in any lease or contract to the contrary notwithstanding."

Appellee pleaded as Division 4 of its answer that the building in question which was destroyed by fire is not of such a character as to bring it within the terms and prohibitions of the statute. It is clear that the demurrer does not reach these allegations of the answer. The character of the building, if determinative of any question involved in the case, is, of course, a matter of proof. We shall not, therefore, attempt to construe the statute for the purpose of determining whether the ice house that was destroyed by fire comes within its purview. The question is not before us, and on it we express no opinion. The constitutionality of Section 2110-m was sustained by this court in *Aetna Ins. Co. v. Chicago G. W. R. Co.*, 190 Iowa 487. It is manifest that, unless the character of the building in question and the nature of its use remove it from the inhibitions of the statute, our holding in the *Aetna Ins. Co.* case is conclusive against the contentions of appellee on this point.

II.   Provisions in bills of lading in substantially the language of the italicized portion of the lease have been uniformly upheld. *Adams v. Hartford Fire Ins. Co.*, 193 Iowa 1027; *Roos v. Philadelphia, W. & B. R. Co.*, 199 Pa. 378 (49 Atl. 344); *Fayerweather v. Phenix Ins. Co.*, 118 N. Y. 324 (23 N. E. 192); *Inman v. South Carolina R. Co.*, 129 U. S. 128 (32 L. Ed. 612); *Luckenbach v. McCahan Sugar Ref. Co.*, 248 U. S. 139 (63 L. Ed. 170); *Phoenix Ins. Co. v. Erie & Western Trans. Co.*, 117 U. S. 312 (29 L. Ed. 873); *Platt v. Richmond, Y. R. & C. R. Co.*, 108 N. Y. 358 (15 N. E. 393); *Hartford Fire Ins. Co. v. Payne,* 199 Iowa 1008. The theory upon which these provisions of bills of lading are sustained is that, under contracts of shipment, the carrier has an insurable interest in the subject thereof. This distinction has been recognized and given effect in a recent decision of the Supreme Court of the United States, *Luckenbach v. McCahan Sugar Ref. Co.,* supra, in which the court said:

"Such a clause is valid, because the carrier might himself have insured against the loss, even though occasioned by

his own negligence; and if a shipper under a bill of lading containing this provision effects insurance, and is paid the full amount of his loss, neither he nor the insurer can recover against the carrier. *Phoenix Ins. Co. v. Erie & Western Trans. Co.*, 117 U. S. 312; *Wager v. Providence Ins. Co.*, 150 U. S. 99.''

The distinction here pointed out is not referred to in the briefs or printed argument of counsel, but it was urged in oral argument. Some claim was made at that time by appellee that it had an insurable interest in the ice house, as lessor. Appellant, however, not only denies the right of appellee to avail itself of this provision of the contract because it did not have an insurable interest in the property, but also contends that the purport and spirit of the lease as a whole were to contract against liability for negligence, and that its terms cannot be separated so as to give effect to the provision relating to insurance. We are of the opinion that the contract is divisible in the sense that it is not necessarily wholly invalid, and that the provision relating to insurance upon the building proceeds affirmatively upon the theory that the remaining portions of the contract might not be upheld by the court. It is a sort of saving clause expressed in the alternative. We are of the opinion that it is not, for these reasons, invalidated by the provisions of the statute. The authorities relied upon by appellant do not conflict with this view.

2. CONTRACTS: legality of object: entire or severable contract.

The policy of insurance is not set out in full in the abstract, nor do we find anything in the record to the effect that the insurance would be void if the insured did anything which would operate to deprive the insurer, upon payment of the loss, of the right to be subrogated to the rights of the insured and to recover against the carrier; nor does the answer of appellee set out ultimate facts from which it is made to appear that the lessor had an insurable interest in the property, and could have taken out valid insurance for its own benefit on the building. Unless appellee had an insurable interest in the property, because of a landlord's lien or on some other tenable ground, it cannot claim the benefit of its contract relating to this subject.

While it must be conceded that the demurrer might well have been made more specific upon this point, we think it fairly challenges the right of appellee to claim the proceeds of the policy of insurance, upon the ground that it did not have an insurable interest in the property. It was incumbent upon appellee, if it desired to rely thereon, to plead and prove such facts as would disclose an insurable interest in the property. To this extent, the answer was insufficient, and the demurrer should have been sustained. What we have already said sufficiently, on the record before us, disposes of the contention of counsel that the contract is invalid because in contravention of the statute.

The judgment of the court below must be, and is,— *Reversed.*

DE GRAFF, C. J., and EVANS and VERMILION, JJ., concur.

FAVILLE, J., dissents.