Argued February 11, reversed April 28, argued on rehearing September 22, 1925, reversed June 1, rehearing denied June 29, 1926.

# MARIE THOMPSON, Admx., v. UNION FISHER-MEN'S CO-OP. PACKING CO.

(235 Pac. 694; 246 Pac. 733.)

**Death—Personal Representative or Guardian may Sue for Death of Employee, Where None of Relatives Named in Employers' Liability Act Survive.**

1. Where none of relatives named in Employers' Liability Act, Section 4, survive, and death has resulted from a violation of duty imposed by such act, an action may be maintained, under Section 380, Or. L., by a personal representative to recover damages for benefit of estate of deceased, or, if deceased was a child and his parents did not survive, guardian may sue under Section 34 to recover damage sustained by estate of ward.

**Death—Mother may Waive Right to Sue Under Employers' Liability Act for Death of Child, and may Sue for Benefit of Daughter's Estate.**

2. A mother, having exclusive right under Employers' Liability Act, Section 4, to recover for her own use for death of minor daughter, resulting from violation of Employers' Liability Act, *held* entitled to waive her individual right and may sue under Section 380, Or. L., for benefit of her daughter's estate.

**Trial—Instruction as to Warning of Employee Held Erroneous as Inapplicable to the Facts.**

3. In action for death of minor employee while operating an elevator, where there was neither pleading nor proof that any other officer or agent of employer ever forbade decedent to go on to or operate elevator, an instruction that, if deceased had been forbidden by officers or agents of defendants to go on or operate elevator, employer would not be liable, was erroneous as being inapplicable to the facts.

**Trial—Instruction, Misstating Issues, Error Where Probable That Jury Misled or Confused.**

4. It is error for court to misstate issues, where it is probable that jury were confused or misled to prejudice of party against whom verdict was returned.

**Trial—Instruction Outside Issues Erroneous, if Facts Assumed Adverse to Complaining Party.**

5. It is error for court to instruct jury outside the issues, if facts assumed are adverse to party complaining thereof.

---

1. On right of personal representative or guardian to sue for death of employee under Employers' Liability Act, see notes, in 47 L. R. A. (N. S.) 73; L. R. A. 1915C, 76. See, also, 8 R. C. L. 729.

5. See 14 R. C. L. 784.

**Master and Servant — Trial — Instruction on Employer's Lack of Knowledge of Employee's Presence on Elevator Held Error Where Within Knowledge of Employer's Authorized Elevator Operator, and Error not Cured by Later Inconsistent Instruction.**

6. Where minor employee was killed while operating elevator at express invitation of one given complete control of operation of elevator, such operator was agent of employer as to operation of elevator, and his knowledge was knowledge of employer; and hence an instruction on theory that employer or its agent might not have known of decedent's presence on elevator was erroneous and not cured by a later inconsistent instruction.

## ON REHEARING.

**Appeal and Error—Insufficiency of Complaint, Because Action was Brought by Plaintiff as Administratrix Instead of Individually as Person Entitled to Sue Under Employers' Liability Act, was not Raised by Objection in Brief on Former Hearing That Complaint Stated No Cause of Action, in That It Alleged That Deceased Rode on Elevator for Her Own Amusement, While not Carrying Out Any Duties of Employment, Such Objection Going to Its Sufficiency Under Section 380, Or. L. (§§ 6785–6791, Or. L.).**

7. Objection that complaint, not alleging that plaintiff was entitled to sue under Employers' Liability Act, stated no cause of action because action was not brought by plaintiff individually for remedy afforded by such act, but in her representative capacity, under Section 380, Or. L., was not raised by objection, urged in brief on former hearing in Supreme Court, that complaint stated no cause of action, because it alleged that decedent rode on elevator for her own amusement, while not carrying out any duties of her employment, such objection going to its sufficiency to state cause of action under latter act.

**Master and Servant—If Any One of Beneficiaries Named in Employers' Liability Act is Living, No Other Person can Recover Thereunder for Death of Employee (§§ 6785–6791, Or. L.).**

8. Employers' Liability Act confers on named beneficiaries only in order stated a right of action, exclusive of all other remedies for death of employee because of violation of act, and, if any such beneficiary is living, no other person can recover thereunder, as otherwise employer would be subject to more than one action for same wrong, contrary to statute providing for but one recovery.

**Death—Whether Action for Employee's Death Arose Under Employers' Liability Act or Section 380, Or. L., Held for Jury (§§ 6785–6791, Or. L.).**

9. Where complaint alleges violation of common-law duty as well as of Employers' Liability Act, it cannot be said, as matter of law, that right of action for employee's death arose under Section 380, Or. L., and whether it should have have been brought under one or other of such statutes was fact question for jury, where answer denied that decedent was defendant's employee or engaged in performance of duties at time of death, and alleged defenses not available in action under Employers' Liability Act, and evidence on issue was conflicting.

Appeal and Error—Employer Could not Complain Because Action
for Employee's Death was Brought by Administratrix Under
Section 380, Or. L., Limiting Amount Recoverable, and Allowing
Defenses not Available in Action by Her Individually as
Beneficiary, Under Employers' Liability Act (§§ 6785–6791,
Or. L.).

10. Employer could not complain because action for employee's
death was brought by plaintiff as administratrix, under Section 380,
Or. L., limiting amount recoverable, and allowing defenses not
available in action by her individually as beneficiary, under Employers' Liability Act.

Death—Public Policy Held not Violated by Election to Sue for
Employee's Death as Administratrix Instead of Individually as
Beneficiary, Under Employers' Liability Act (§§ 6785–6791,
Or. L.; § 380, Or. L.).

11. Election to sue as administratrix for death of employee,
under Section 380, Or. L., instead of individually as beneficiary
under Employers' Liability Act, violated no principle of public
policy, and hence did not injure state.

Death—Beneficiary may Waive Right to Sue Under Employers' Liability Act for Employee's Death and Sue as Administratrix,
Under Section 380, Or. L. (§§ 6785–6791, Or. L.).

12. Beneficiary, under Employers' Liability Act, could waive
right to sue thereunder individually for employee's death, and sue
as administratrix under Section 380, Or. L., as legal provisions for
advantage or protection of individuals may be waived by them,
where not inhibited by public policy.

Estoppel—"Waiver" Need not be Pleaded Where It Contains No Element of Estoppel, and is not Asserted Against Opposing Litigants.

13. "Waiver" which is intentional relinquishment of known right,
must be pleaded where it arises by estoppel but not where it contains no element of estoppel, and is not asserted against opposing
litigants.

Appeal and Error—Parties—Failure of Complaint, in Administratrix's
Action Under Section 380, Or. L., for Employee's Death, to
Allege Waiver of Right to Sue Individually Under Employers'
Liability Act, is Waived by Failure to Demur on Such Ground,
and cannot be First Raised on Appeal; Defect Appearing on
Face of Complaint (§§ 6785–6791, Or. L.).

14. Where complaint in administratrix's action under Section 380,
Or. L., for employee's death, was not demurred to for failure to
plead waiver of plaintiff's right to sue individually under Employers'
Liability Act, such defect, which appeared on face of complaint,
was waived, and cannot be first raised on appeal; such objection
going to plaintiff's legal capacity to sue.

---

13. See 10 R. C. L. 842.

Parties.

15. Demurrer for want of capacity to sue may raise question, appearing on face of complaint, that right to sue was in another than plaintiff.

Appeal and Error—On Reversal of Judgment for Beneficiary Under Employers' Liability Act, in Action as Administratrix Under Section 380, Or. L., for Employee's Death, Cause will be Remanded With Leave to Amend Complaint so as to State Cause of Action Under Former Act, or Continue Prosecution of Present Action (§§ 6785–6791, Or. L.).

16. On reversal of judgment for beneficiary under Employers' Liability Act in action by her as administratrix under Section 380, Or. L., for employee's death, cause will be remanded, with leave to amend complaint so as to state cause of action under former act or continue prosecution of present action.

Appeal and Error, 4 C. J., p. 916, n. 31, p. 917, n. 32.
Death, 17 C. J., p. 1262, n. 1, p. 1263, n. 3.
Estoppel, 21 C. J., p. 1242, n. 92, p. 1244, n. 7.
Pleading, 31 Cyc., p. 296, n. 13, 15, p. 787, n. 1.
Waiver, 40 Cyc., p. 252, n. 44, p. 254, n. 64, p. 255, n. 69, p. 267, n. 38 New.
See (1) Death, 17 C. J., pp. 1212, 1265, 1290.  (2) Death, 17 C. J., p. 1265.  (3) Trial, 38 Cyc., p. 1612.

From Clatsop: J. A. Eakin, Judge.

Department 1.

REVERSED.

For appellant there was a brief over the name of *Messrs. Mathison & Mannix,* with an oral argument by *Mr. Enoch E. Mathison.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

RAND, J.—This action was brought by plaintiff as administratrix of the estate of Olga Thompson, her deceased daughter, an employee of the defendant, who was killed on August 23, 1920, while on a freight elevator in a cannery owned and operated by the defendant corporation at Astoria.

The complaint alleges that decedent's death was caused by the negligence of the defendant. It alleges that in the conduct of its business the defendant used an elevator which was operated by means of motive power for carrying freight and employees between the different floors of its cannery; that the elevator was not inclosed by any cage or equipment commonly used for the protection of persons using the same, or with any system of signals by which communication could be had between its employees and the person operating it without vocally calling from one floor to another, with which it is alleged it could have been equipped without affecting its efficiency and without unreasonable cost or expense; that plaintiff's intestate at the time of her death was a minor child fifteen years of age, was wholly inexperienced in the use or operation of an elevator, and was employed by the defendant on or about August 16, 1920, to do general errand work in and about the cannery and had been at work but one week, and that it was her duty to carry boxes from one floor to another, to work on a lacquering machine, and generally to do and perform such duties as might be required of her, for which she was to be paid at the rate of three dollars per day; that her lack of skill and inexperience in the operation or control of an elevator were known, or by the exercise of due care upon the part of defendant, would have been known; that other children of about the same age as decedent were employed by the defendant and were permitted to operate the elevator while carrying on their work and while going from one floor to another, and that the use of the elevator by them had become a custom and usage known to the defendant and acquiesced in by it; that decedent had on different occasions operated the elevator with

the knowledge of the defendant and with its permission, and had never been instructed not to use the same; that defendant failed to employ a legally competent person to operate its elevator, and on the day of decedent's death had placed the same in charge of one Thomas Nelson, Jr., the son of the manager of the defendant corporation and a boy less than fifteen years of age, in violation of the statute which forbids any person, firm or corporation to employ or permit any person under the age of eighteen years to operate an elevator, and makes the violation of the statute a misdemeanor punishable by fine or imprisonment, or both; that in the operation of the cannery the employees quit work at 12 o'clock noon for lunch and were required to resume work at 1 o'clock P. M., and that it was their duty to return to the cannery in time to resume work at 1 o'clock of each day; that on the day when decedent was killed she had returned to the cannery a few minutes before 1 o'clock and there found Thomas Nelson, Jr., in charge of the elevator; that he invited and requested her and another minor child to ride on the elevator with him, and in acceptance of his invitation they went on to the elevator and rode with him,—he operating the same; that said Nelson turned on the switch and brought the elevator to the third floor, where he left decedent and the other minor child on the elevator and went to inspect the machinery of the elevator while the same was in motion without directing them to step off of the elevator or warning them of the dangers incident to their remaining thereon; that he requested them to bring the elevator to the place where he was and that at the same time someone on the ground floor called for the elevator; that the elevator was started in motion while decedent and the other minor child were on it, and

being confused by the call from below, in some manner unknown to plaintiff, plaintiff's intestate was caught between the floor of the elevator and the ceiling of the third floor, causing the injuries which resulted in her death; that the defendant had knowledge of the fact that the elevator was of a dangerous character and liable to cause injury or death to its employees, and that the decedent was a minor child, inexperienced in the use of an elevator, and that its employees were in the habit of using the elevator, and thus knowing, failed and neglected to prohibit decedent from using the elevator or to caution her against the dangers thereof, and failed to make and publish rules in reference to the use of the elevator or forbidding its use by its minor employees, which acts, it is alleged, was the proximate cause of the injuries and death of the deceased.

It is further alleged that if the defendant had properly instructed the deceased how to use the elevator, or had not permitted her to operate it, or had published rules regarding the use of the elevator and forbidding its use by minors, or had forbidden the deceased to use the elevator or had employed a person over the age of eighteen years to operate it, she would not have been on the elevator at the time of her death and consequently would not have been injured or killed.

The complaint also alleges that the defendant was negligent in that it had no rules posted in the cannery regulating the use of the elevator or forbidding its use, and that said failure was a proximate cause of the injuries and death of the deceased.

It is also alleged that Thomas Nelson, Jr., the boy who had been placed in charge of the elevator, was incapable of comprehending the dangers incident to

the operation of an elevator by a child of the tender years and inexperience of the deceased, and did not realize or appreciate the danger of allowing the deceased to remain on or to operate the same.

The defendant admitted its corporate existence and denied all of the other allegations of the complaint, and by its answer alleged four affirmative defenses. The first is a plea of contributory negligence. By this defense the defendant averred that decedent was thoroughly familiar with the construction of the building where the elevator was installed and with the elevator and the manner in which the same was operated, and "during the term of her employment had many times seen the said elevator operated, and during the lunch hour, while not carrying out any of the duties of her employment, unbeknown to defendant, had many times secretly ridden thereon for her own pleasure and amusement, but that nevertheless, said Olga Thompson carelessly and negligently allowed her head or other part of her body to protrude or extend beyond the platform of said elevator, well knowing, or, by the exercise of reasonable care and diligence, capable of knowing and appreciating that by her allowing her head or other parts of her body to protrude or extend beyond the platform of said elevator, that her head or other parts of her body so protruding or extending, would or might come in contact with the floors or ceiling of said building as said elevator ascended or descended, and was liable to be caught by said automatically falling gate. That said Olga Thompson, in so failing to exercise reasonable care in the particulars as heretofore alleged, was guilty of contributory negligence, and said Olga Thompson's said negligence contributed toward the receiving of her said injuries, resulting in her death,

and was one of the concurrent, proximate causes thereof.''

In the second affirmative defense the defendant repeats the allegations of the first affirmative defense as to the acquaintance of decedent with the elevator and the building, and alleges that decedent knew that the elevator was not used for the purpose of carrying employees from one floor to another, but was used exclusively by a few adult employees while raising or lowering heavy articles from one floor to another. It then alleges: ''That, at the time said Olga Thompson received her said injuries, she was not carrying out any of the duties of her said employment, but was riding on said elevator for her own pleasure and amusement, and in play, and for the further purpose of gratifying the curiosity of one certain Thomas Nelson, Jr., a fellow-servant and the operator in charge of said elevator, and that, in doing so, said Olga Thompson assumed all of the risks, dangers and hazards incident to the construction of said building and said elevator, and the operation thereof.''

By its third defense defendant alleges that the elevator was of standard make and in good operating condition. It then repeats the allegation of decedent's knowledge of its not being used to carry employees from one floor to another, and closes with the allegation that ''the said Olga Thompson well knew that she had no right or authority to operate said elevator, or to use the same, and that the said elevator was not one of the places in which, or on which the said Olga Thompson was to work, or carry out or perform any of the duties of her employment.''

By its fourth defense it alleges that decedent and young Nelson were fellow-servants. Its allegations in that regard are as follows: ''That on the particular

day on which said Olga Thompson received the injuries culminating in her death, defendant herein had placed one certain Thomas Nelson, Jr., in charge of said elevator, and the said Thomas Nelson, Jr., assumed his duties of operating the same at about 8 o'clock in the morning of said day, and thereafter continuously operated the same whenever necessary. That said Olga Thompson well knew that the said elevator was placed in charge of said Thomas Nelson, Jr., and that the said Thomas Nelson, Jr., had full and complete charge and control thereof, and well knew, or by the exercise of ordinary care and diligence, should have known that she, the said Olga Thompson, had no right or authority to operate said elevator herself. That during all of said times, and particularly at the time said Olga Thompson met with the injuries finally culminating in her death, said Thomas Nelson, Jr., and said Olga Thompson were fellow-servants.''

The allegations of these affirmative defenses were put in issue by the reply, except that the reply contained the following admissions as to the fourth affirmative defense: ''Admits that on the particular day on which said Olga Thompson received the injuries culminating in her death, the defendant herein had placed one certain Thomas Nelson, Jr., in charge of said elevator, and that the said Thomas Nelson, Jr., assumed his duties of operating the same about 8 o'clock in the morning of said day, and continuously operated the same whenever necessary. Admits that the said Olga Thompson knew that said elevator was placed in charge of said Thomas Nelson, Jr.''

In part, the court instructed the jury as to the law of contributory negligence, and that to employ or allow a person under the age of eighteen years to

run, operate, or have charge of, an elevator carrying other persons or property is a violation of the statutes of this state, and that a violation of the statute in that particular would constitute negligence as a matter of law and would render the defendant liable for the injuries complained of if the jury should find that the operation of the elevator by a minor under the age of eighteen years was the cause of the injuries which resulted in decedent's death, and further find that the negligence of the decedent did not contribute to her injury. The court then instructed the jury over the objection and exception of the plaintiff as follows: "If you find from the evidence that Olga Thompson, while employed in said cannery, was under the age of eighteen years and that while so employed, she was permitted by the agents of the defendant to go upon said elevator and operate it, or that she did so use the elevator without the express permission but with the knowledge of the agents of the defendant, then the defendant would be negligent in so permitting her to use the elevator and in the absence of negligence on her part proximately contributing to her injuries, if she was so injured, the defendant would be liable in damages for such injury.

"If, however, you find from the evidence that the said Olga Thompson was forbidden by the agents of the defendant to go upon or operate said elevator, or that she knew that she was not permitted to go upon the elevator, but that notwithstanding said orders and knowledge, she, without the knowledge of the agents of the defendant, clandestinely and secretly went into the elevator and operated it and thereby received the injuries complained of, then the defendant would not be liable to respond in damage for such injuries, and in that event, your verdict should be

for the defendant. That is, if the deceased Olga Thompson, without the knowledge of any of the agents of the cannery defendant corporation who were in authority and had the right to represent the company were ignorant of the fact that she was in the elevator and attempted to operate it, then, of course, they could not be liable for negligence in her so doing, as that would not be their act, either by knowledge or permission. The only thing you would take into consideration in that connection would be the extent to which the agents of the defendant would be required to exercise control over the employees to protect them and prevent them from operating the elevator and to warn them and notify them what danger might result from their using the machine and forbidding them from using it.

"If you find from the evidence that the defendant had employed Thomas W. Nelson, Jr., and placed him in charge of the elevator, then he was an agent of the defendant for the operation and control of the elevator and knowledge by and notice to him of matters pertaining to the operation of the elevator would be the knowledge of and notice to the defendant as to such matters."

The defendant had verdict in the court below and from the judgment entered on the verdict plaintiff appeals, relying upon nineteen assignments of error growing out of the instructions above set forth and certain other instructions which the plaintiff requested and the court refused to give. Plaintiff's objection to the instructions above set forth is that they were not applicable to the facts of the case. Before considering these assignments it will be necessary to dispose of the contention urged by the defendant that the action should have been brought under the Em-

ployers' Liability Act, and if considered as brought under that act that it does not state facts sufficient to constitute a cause of action. It will not be necessary, under the view which we take of the law of the case, to consider whether the complaint states a cause of action under the Employers' Liability Act, since it does state a cause of action under Section 380, Or. L., and if this action can be maintained under that section defendant's objection must be overruled.

Within the meaning of the terms "machinery" and "employee" as used in the Employers' Liability Act, and under the facts alleged in the complaint, the elevator on which it is alleged that plaintiff's intestate was killed was "machinery" not "operated by hand power" and not "provided with a system of communication by means of signals so that at all times there may be prompt and efficient communication between the employees or other persons and the operator of the motive power," and plaintiff's intestate was an "employee" of the defendant at the time she sustained the injuries complained of, and hence an action for her death might have been brought under that act. Defendant insists that where the facts alleged in the complaint bring the case within the application of the provisions of the Employers' Liability Act, the remedy given by that act for the death of an employee is exclusive of all other statutory remedies, and for that reason it is urged this action which is brought under another statute cannot be maintained.

This action was brought under Section 380 to recover the damage resulting to the estate of the deceased from the death of plaintiff's intestate, which it is alleged was caused by the negligent acts of defendant's agents, servants and employees. There are three statutes in our Code, which, before verdict, pro-

vide that an action for the death of a person resulting from a wrongful act or omission of another shall not abate by his death, viz., Sections 34, 380, and the Employers' Liability Act. Section 34 provides that a father, or, in case of his death or desertion of his family, the mother may maintain an action as plaintiff for the injury or death of the child, and a guardian for the injury or death of his ward. Section 380 provides that where the death of a person is caused by the wrongful act or omission of another, an action may be maintained by the personal representative of the deceased to recover the damages resulting to his estate from the death of the deceased, if the deceased, had he lived, might have maintained an action for an injury done by the same act or omission, and limits the amount recoverable to a sum not exceeding $7,500 and directs that the amount recovered shall be administered as other personal property of the deceased person.

In determining whether the enforcement of the remedy provided by either Section 34 or Section 380 would be a bar to the enforcement of the remedy provided by the other section, this court, speaking through Mr. Justice Wolverton in *Schleiger* v. *Northern Terminal Co.*, 43 Or. 4 (72 Pac. 324), said:

"One gives the right of action to the father, mother, or guardian, as the case may be, for pecuniary loss of the minor child, and the other for such as the estate has sustained by his death. The one ends where the other begins. The estate could not be injured while the minor child would be supposed to continue in the service of the parent, and, upon the other hand, the parent could not be injured when the child is relieved of the duty of rendering service to him, or has attained the age of majority. It is not analogous that two actions should spring from the same

wrongful act. Injuries of different nature to different persons may thus be inflicted, and actions may be prosecuted and damages given according to the nature of the right and principles involved."

Under the Employers' Liability Act where the death of a person resulted from a failure to comply with the requirements of that act, Section 4 thereof, being Section 6788, Or. L., provides:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by any owner, contractor, or sub-contractor, or any person liable under the provisions of this act, the widow of the person so killed, his lineal heirs or adopted children, or the husband, mother or father, as the case may be, shall have a right of action, without any limit as to the amount of damages which may be awarded; provided, that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have a right to maintain such action for the respective benefit in the order above named."

Where the death of a person coming within the embrace of the Employers' Liability Act has resulted from a violation of the provisions of the act, it is clear from the language of the section just quoted that the right to maintain an action for the death resides in the persons named in the statute, and in them only in the order that they are there named, and that an action under the act to enforce the liability created by the act cannot be maintained by an executor or administrator of the deceased person, except in the case provided for by the statute, namely, where the particular person or persons who are entitled under the statute to maintain the action happen to reside out of the state, and then only for the benefit of such

person or persons. If the widow of the deceased is living, she only can bring the action. If the deceased left no widow surviving him, but left lineal heirs or adopted children, then the action must be brought by them; while if the deceased was a married woman leaving a husband surviving her, the action must be brought by him, and if the deceased left no widow, lineal heirs, or adopted children, or husband, then the action must be brought by the mother of the deceased, and if she did not survive, then by the father. If none of such persons survive, then an action under the Employers' Liability Act to enforce the particular liability created by the act cannot be maintained at all, for the statute authorizes no other persons to prosecute the action except those specifically named therein. This, however, does not mean that liability for the death of a person may not arise through a violation of the Employers' Liability Act in a case where none of the parties named in that statute survive the deceased, nor that, in such case, an action to recover damages for the death cannot be maintained under Sections 34 or 380, or both. See *Malloy v. Marshall-Wells Hardware Co.*, 90 Or. 303, 352 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589).

1. It is obvious from the mere reading of the Employers' Liability Act that the act creates both legal duties and legal liabilities, and that in case of death the employer is answerable for the damage resulting from his failure to observe the duty created by the act, whether the relatives named in the act survive or not. The duty to conform to the requirements of the act is absolute, and in no way depends upon the survival of relatives. Where this duty has not been discharged and death has resulted from the breach, the act confers upon the relatives named, and in the order

named, if they survive, the right to recover, not for the benefit of the estate, but for their individual benefit, the damage sustained by the estate as well as all other damage resulting from the death. This remedy which is in the nature of a special and particular privilege is conferred only upon those persons who are named in the act. But, where none of the relatives named survive and the death of a party has resulted from a breach of a duty created by the act, the Employers' Liability Act contains no prohibition against the commencement of an action under Section 380 by the personal representatives of the deceased to recover the damage resulting to the estate from his death, or, where the deceased was a child and both of its parents were dead, by the guardian under Section 34 to recover the damage sustained by the estate of the ward. Hence, where none of the relatives named in the statute survive, and death has resulted from a violation of a duty imposed by the Employers' Liability Act, an action may be maintained to recover the damage resulting from the death for the benefit of the estate of the deceased by the personal representative of the deceased under Section 380, or, if the deceased was a child and his parents did not survive, then the guardian of the child also may sue under Section 34 to recover the damages sustained by the estate of the ward.

2. In the case at bar plaintiff's intestate at the time of her death was only fifteen years, seven months and twenty-six days old. She was unmarried, had no lineal descendants, and her mother survived her. Since decedent was not married and had no lineal descendants and left her mother surviving her, the surviving mother was the only person who could sue under the Employers' Liability Act for a violation

of a duty imposed by the act which resulted in the death of the deceased. If the death resulted from a violation of the Employers' Liability Act an action for the death would not lie unless brought by the mother, for the mother alone was entitled to maintain the action for her sole benefit and to recover all of the damages resulting from the death of her daughter. The right to sue under the Employers' Liability Act was vested exclusively in her, and whatever might be recovered would be her sole property and be discharged of any claim of the estate of the deceased.

In the instant case plaintiff, possessing this sole and exclusive right to recover for her own use all of the damages resulting from the death of her daughter, waived her individual right and sued for the benefit of her daughter's estate, and it is contended that the present action cannot be maintained since it was not brought under the Employers' Liability Act, although brought in a representative capacity by the person who was entitled to bring the action in her individual capacity. The Employers' Liability Act contains no language indicating an intention to prohibit the person entitled to maintain an action under the Employers' Liability Act from waiving the right to sue under that act and pursuing the remedy provided for in Section 380, and, since both remedies are provided by statute and no harm can result to the defendant from such waiver, we can see no reason why the plaintiff who is the sole party in interest, should not be permitted to make such choice. The right of the person, who alone is entitled to sue for the death of another under the Employers' Liability Act, to waive his right to sue under that act and to bring an action under Section 380 has not been heretofore decided by this court. That Section 380 is not abrogated by

the enactment of the Employers' Liability Act was held in *Statts* v. *Twohy Bros. Co.*, 61 Or. 602 (123 Pac. 909), *Niemi* v. *Stanley Smith Lumber Co.*, 77 Or. 221, 234 (147 Pac. 532, 149 Pac. 1033), and *McFarland* v. *Oregon Electric Ry. Co.*, 70 Or. 27 (138 Pac. 458, Ann. Cas. 1916B, 527). In the later case, Mr. Justice Moore, speaking for the court, said:

"This act (the Employers' Liability Act) does not repeal sections 34 and 380, L. O. L., * * It is an additional enactment upon the subject and having been designed to enable the person sustaining the greatest loss for the untimely death of their natural or legal protector, the statute is remedial and as far as possible ought to be liberally construed and favor the beneficiaries."

*Statts* v. *Twohy Bros. Co., supra,* was an action under Section 380 by the administrator of the estate of the deceased who left surviving him a father living in Austria. One of the defenses was that the cause of action arose from a violation of the Employers' Liability Act. In disposing of that defense the court said the Employers' Liability Act "is limited in its application to certain enumerated causes and it would appear that an action to recover damages for the death of an employee could be maintained only by a relative of the deceased," but contrary to the later decisions of this court it was held that an action could be maintained by an administrator under Section 380 even though the deceased left a father surviving him. It is only proper to say, however, that the court stated that the averments of the complaint, when read in connection with the prayer for judgment, led to the conclusion that the cause of action thus set forth was founded on Section 380 and not on the Employers' Liability Act. An explanation of this ruling may be

found in *McDaniel* v. *Lebanon Lumber Co.*, 71 Or. 15, 24 (140 Pac. 990).

*McClaugherty.* v. *Rogue River Electric Co.*, 73 Or. 135, 161 (140 Pac. 64, 144 Pac. 569), was an action under the Employers' Liability Act instituted by the father of the deceased to recover damages for the death of the son resulting from a violation of a duty imposed by the Employers' Liability Act. Whether the mother was dead or not does not appear. If she was dead, the father was the proper person to bring the action,—the decedent not being a married man and leaving no lineal descendants. In affirming the judgment in favor of the plaintiff the court said:

"As stated in our former opinion the act authorizes but one action for an injury caused by a violation of the law in case of death. Where there is any one of the beneficiaries named living and in position to bring the action, it cannot be brought by the personal representative of the decedent under Section 380, L. O. L."

In the Niemi case, *supra,* an action was brought under Section 380 by the administrator of the estate of the deceased to recover damages for his death resulting from a violation of the Employers' Liability Act. In reversing the judgment in favor of the plaintiff the court said: "The two acts, being directed to one common object (that is, to provide a statutory action for the death of a person resulting from the wrongful act or omission of another), must be construed together, and, as far as possible, effect must be given to the provision of each. A special provision for a certain class of cases will take that class out of the general terms used in either statute. Thus the Employers' Liability Act provides by whom an action for the wrongful acts or omissions enumerated therein

shall be instituted, and, as to a death arising therefrom, it is exclusive of Section 380, as long as any one of the beneficiaries named therein survive, * * * "

In none of the cases cited was the point now under consideration directly involved or decided, and the question therefore is open for decision.

By commencing action under Section 380 plaintiff relieved the defendant of being subject to the liability, unlimited in amount, imposed by the Employers' Liability Act, and made it possible for the defendant to interpose defenses which would not otherwise have been available. In exercising her choice of remedies plaintiff was dealing with rights vested solely in herself, and her choice of remedies injuriously affected the rights of no other person, and no one can be injured by the choice except herself. The statute provided two remedies and contained no prohibition against her exercising the right to choose between the two, and since a recovery under one will bar a recovery under the other, no reasonable ground exists for holding that she could not pursue her choice of either remedy and bring the action under either statute.

3. Over plaintiff's objection and exception the court charged the jury to the effect that if they should find that deceased had been forbidden by the officers or agents of the defendant to go upon or operate the elevator, defendant would not be liable for the damage sustained in consequence of her being on the elevator and operating it at the time of her death. It is contended that this instruction was not relevant to any issue or to the facts proven. We find no allegation in the pleadings and no proof in the record that any officer or agent of the defendant ever forbade decedent to go on to or operate the elevator. All

of the testimony upon that subject was that given by Mr. J. W. Angberg, the superintendent of the defendant corporation, and this is as follows:

"Q. Did you ever notice any of the girls—employees of the cannery riding on the elevator, Mr. Angberg? A. Yes.

"Q. You had seen them do it? A. Yes.

"Q. Have you ever seen Olga ride on it? A. Well, I could not say for sure I have seen her.

"Q. But you saw some of the other girls riding on it? A. Yes, sir.

"Q. Did you ever instruct or warn any of the girls not to ride on it? A. Yes, sir.

"Q. Did you ever instruct or warn Olga Thompson not to ride on it? A. Well, I ain't sure if she was amongst the rest of them, she might have been there, but I wasn't taking much notice. I just simply told them to keep away from that elevator.

"Q. You just told them to keep away from the elevator? A. Yes, sir.

"Q. Now, did you have any rules or regulations of any kind posted up in the cannery warning people to keep away from the elevator? A. No, sir.

"Q. You did not? A. No.

"Q. Well, was there any rule against using it for pleasure purposes? A. No, sir, there was no rule, it was a general understanding that it was not for pleasure.

"Q. Well, then I see—there was a general understanding that—you say that it was not to be used for pleasure purposes? A. Yes.

"Q. Mr. Angberg, the question is,—did you ever tell the employees there, among whom was Olga Thompson,—did you make any statement to them to the effect that the elevator should not be used for anything except business purposes? No, I never. No.

"Q. To the employees generally? A. No.

"Q. You say you never did? A. I told them to keep away from the elevator around—not to play

around where the elevator was. That is all I told them.''

4. It is settled law in this state that it is error for a trial court to instruct the jury upon abstract propositions of law not applicable to the facts of the case, since the giving of such instructions tends to mislead the jury into assuming that a state of facts exist which cannot be found in the record, and that the giving of such instructions may be grounds for a reversal depending upon the extent to which the facts assumed in the instructions are adverse and injurious to the party complaining: *Bowen* v. *Clark*, 22 Or. 566 (30 Pac. 430, 29 Am. St. Rep. 625); *State* v. *Weaver*, 35 Or. 415, 418 (58 Pac. 109); *Pearson* v. *Dryden*, 28 Or. 380 (43 Pac. 166, and cases there cited).

5. And that it is error for the court to misstate to the jury the issues in a case on trial before them where it is probable that the jury were thereby confused or misled to the prejudice of the party against whom the verdict was rendered: *Carson* v. *Lauer*, 40 Or. 269, 273 (65 Pac. 1060). And also that it is error for the court to instruct the jury outside the issues if the facts assumed are adverse to the party complaining thereof: *Tonseth* v. *Portland Ry. L & P. Co.*, 70 Or. 341, 347 (141 Pac. 868); *Paldanius* v. *Strauss*, 100 Or. 497, 508 (198 Pac. 253).

6. It is also contended that it was error for the court to instruct the jury to the effect that if they should find that the decedent ''without the knowledge of the agents of the defendant clandestinely and secretly went into the elevator and operated it and thereby received the injuries complained of, then the defendant would not be liable to respond in damages for such injuries, and in that event, your verdict should be for the defendant. That is, if the deceased

Olga Thompson, without the knowledge of any of the agents of the cannery who were in authority and had the right to represent the company were ignorant of the fact that she was in the elevator and attempted to operate it, then, of course, they could not be liable for negligence in her so doing, as that would not be their act, either by knowledge or permission.''

We think that it was error for the court to thus instruct the jury and that the error was not cured by what seems to be an inconsistent instruction later given that if the jury found ''that the defendant had employed Thomas W. Nelson, Jr., and placed him in charge of the elevator, then he was an agent of the defendant for the operation and control of the elevator, and knowledge by and notice to him of matters pertaining to the operation of the elevator would be the knowledge of and notice to the defendant as to such matters.'' Under the admissions of defendant's answer in its fourth affirmative defense, defendant, on the day of decedent's death, had placed Thomas Nelson, Jr., in charge of its elevator and had given him ''full and complete charge and control thereof,'' and, as it alleges, he had ''assumed his duties of operating the same at about 8 o'clock in the morning of said day, and thereafter continuously operated the same whenever necessary.'' Under these admissions and under the undisputed evidence in the case the defendant corporation had chosen Thomas Nelson, Jr., as its servant and had put him in charge of its business of operating its elevator, and while he was operating it and in the exercise of the power that the defendant had conferred upon him decedent sustained the injury which caused her death. It is undisputed under the evidence that decedent at the time of her death was on the elevator at his express

invitation, and that at or just before her death she had been operating it with his permission, if not at his request. Hence it was error for the court to instruct the jury that if they should find that the decedent was on the elevator or operating it without the knowledge of the agents of the defendant who were in authority and had the right to represent the company, or clandestinely and secretly, because under these admissions Thomas Nelson, Jr., was the agent of the defendant and authorized to speak for it so far as the operation of the elevator at that particular time was concerned, and his knowledge was the knowledge of the defendant corporation, as much so as if its manager or superintendent had himself been placed in charge and was engaged in the operation of it, and had done the acts which it is admitted Nelson did.

"The master is liable for the acts of his servant not only when they are directed by him, but also when the scope of his employment or trust is such that he has been left at liberty to do, while pursuing or attempting to discharge it, the injurious act complained of. It is not merely for the wrongful acts he was directed to do, but the wrongful acts he was suffered to do, that the master must respond." Cooley on Torts (2 ed.), p. 626.

In *Davis* v. *Ohio Valley Banking & T. Co.*, 127 Ky. 800 (106 S. W. 843, 15 L. R. A. (N. S.) 402, 409), the court said:

"The operator was placed in charge of the elevator by appellee. It thus assumed responsibility for his acts. If he permitted boys to play on the elevator, or ride on it in dangerous places, his employer must be held to the same degree of accountability as if the person in charge of the elevator had been a careful and experienced man. The liability of appellee is to be tested in this particular case, not by the age, understanding, or fitness of its employee, but by his acts."

"So soon as it is admitted that there is authority to do a thing, the hand that actually does it may be the servant's, yet the reason of the act is the master's authorization or the master's interest; therefore the master, as the motive power, is responsible."

In a footnote on the same page the author quotes the following:

" 'The law is not so futile as to allow a master, by giving secret instructions to his servant, to discharge himself from liability': Per Willes, J., 539; *Byrne* v. *Londonderry Tramway Co.* (1902), 2 I. R. 457. Objections have been made to the justice of imposing on the master, the possibly ruinous consequences of his servant's negligence. The answer is, that the master, for his own purposes, has armed his servant with a destructive agency. The misuse of it should enure to the master's detriment rather than that those injured by it should suffer loss." 1 Beven, Negligence in Law (3 ed.), p. 574.

"Whether the act of the servant be one of omission or commission, whether negligent or fraudulent, 'if,' as was adjudged in *Philadelphia & Reading R. R.* v. *Derby,* 14 How. 468, 486 (14 L. Ed. 502), 'it be done in the course of his employment, the master is liable; and it makes no difference that the master did not authorize or even know of the servant's act or neglect, or even if he disapproved or forbade it, he is equally liable, if the act be done in the course of his servant's employment.' " *New Jersey Steamboat Co.* v. *Brockett,* 121 U. S. 637, 645 (30 L. Ed. 1049, 7 Sup. Ct. Rep. 1039, see, also, Rose's U. S. Notes).

One of the defendant's defenses was that the deceased was not acting within the proper scope of her employment and was at a place where she had no right to be when she sustained the injuries complained of, but there was no allegation of proof that Thomas Nelson, Jr., the operator whom the defendant had placed in charge of its elevator, was not acting within

the proper scope of his employment when the accident occurred. Under those circumstances one of the grounds upon which the liability of the defendant would depend was whether Thomas Nelson, Jr., knew of the peril of leaving the decedent on the elevator with permission to operate it, and with such knowledge failed to exercise due care to save her from the threatened danger. Since the defendant corporation had placed him in charge and control of the elevator, which he was at the time exercising, the defendant was charged with the same knowledge of decedent's presence on the elevator that Nelson himself possessed, or would have possessed had he exercised due diligence. And the knowledge which the defendant is charged with through Nelson's knowledge is the knowledge that Nelson would have possessed if, instead of being only fourteen years of age, he had been an experienced adult person. Hence the instruction of the court to the jury upon the theory that the defendant corporation may not have known of decedent's presence on the elevator was error.

For these reasons the judgment must be reversed and the cause will be remanded to the court below for such further proceedings as are not inconsistent herewith.                    REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.

Reversed on rehearing June 1, 1926.

On Rehearing.

(246 Pac. 733.)

Reversed.

For appellant there was a brief over the name of *Messrs. Mathison & Mannix,* with an oral argument by *Mr. Enoch E. Mathison.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank E. Hesse.*

RAND, J.—7. Since our former decision reported in 235 Pac. 694, a rehearing has been had on which the argument covered matters not raised at the first hearing. Among these is the objection now urged that because this action was not brought by plaintiff individually, and for the particular remedy afforded by the Employers' Liability Act, but was brought by plaintiff in her representative capacity under Section 380, Or. L., the complaint fails to state facts sufficient to constitute a cause of action in failing to state that plaintiff was the mother of decedent, and the particular person who would be entitled to sue under the Employers' Liability Act.

This point was not even mentioned or referred to in the lower court, nor in this court in the argument upon the first hearing. The only reference then made to the sufficiency of the complaint was an excerpt in defendant's brief, which reads as follows:

"Inasmuch as the complaint specifically alleges that the deceased rode on this elevator, not while going to work, but for her own amusement and in

play, and while not carrying out any of the duties of her employment, we are satisfied the complaint fails to state a cause of action, and that a demurrer thereto, which the trial court overruled, and which for that reason we wish to renew at the present time, should be sustained.''

The objection thus urged did not go to the sufficiency of the complaint upon the ground that the action had been brought under the wrong section, but went to its sufficiency as stating a cause of action under Section 380. The complaint stated a cause of action arising from a breach by defendant of duties imposed by the common law which resulted in decedent's death, and for such breach it stated a good cause of action. This point, however, was considered by us in our former decision, for the reason that if fatal to any recovery by plaintiff in this action, it would be idle to reverse the case, since if such was the case, ultimately plaintiff could not recover at all.

8, 9. It is obvious from the mere reading of the Employers' Liability Act, that the act was intended to confer upon the particular persons named as beneficiaries in the act and upon them only in the order there named, a right of action to recover the damage resulting from the death of an employee which was caused by a violation of the provisions of the act, and that this remedy should be exclusive of all other remedies, and that an action to recover damage for the death of a person caused by a violation of this act cannot be maintained by any other persons than those so named and by them only in the order there named. From this, the conclusion necessarily results that if any one of the beneficiaries named in the act is living, no other person can recover under that act for the death of a person caused by a violation of the act, for otherwise the employer would be subject

to more than one action for the same wrong, contrary to the statute which provides for but one recovery. While there are allegations in this complaint charging a violation of the Employers' Liability Act, there are other allegations charging a violation of a common-law duty, and hence it cannot as a matter of law be said that the right of action arose under the Employers' Liability Act and not under Section 380. Under the issues made by the pleadings, whether the action should have been brought under one or the other of said statutes, presents a question of fact for the jury, and not a question of law for the court. By its answer defendant denied that at the time of her death decedent was an employee of the defendant, or was engaged in the performance of any duties of her employment, and alleged defenses which would not have been available had the case been one coming within the Employers' Liability Act. At the trial, there was evidence tending to show that the case was one which would come within the Employers' Liability Act, and other evidence tending to contradict that fact.

10. However, upon the appeal, we construed the complaint most strongly against the pleader, and considered the case made by the complaint in the light most unfavorable to plaintiff as stating a cause of action which came within the Employers' Liability Act, in order to determine whether the action could be maintained in the form in which it had been brought. Considered as such, it appeared from the complaint, and from the entire record, that plaintiff's intestate at the time of her death, was only fifteen years of age; had never been married, and left no lineal descendants, and that plaintiff was the mother of the deceased child, and was the only person en-

118 Or.—30

titled to sue for her death under the Employers' Liability Act. The question then was, Could plaintiff, who was the only person entitled to sue under the Employers' Liability Act, and if suing in that capacity must sue in her individual right, upon being appointed administratrix of her daughter's estate, sue to recover as such administratrix for the death of her deceased daughter? In determining that question, it was first necessary to ascertain whether the defendant would have any just ground of complaint, it having raised none upon the trial, because of the action having been brought by plaintiff in her representative capacity. The statute under which the action was brought limited the amount which could be recovered for the death of decedent. It also allowed the defendant to interpose defenses which could not have been available had the action been brought under the other statute. Hence, defendant was benefited and not injured by plaintiff's choice of remedies.

11, 12. The next question for decision was, Did plaintiff's election violate any principle of public policy? It was clear that it did not and could not, and that therefore the state could not be injured by plaintiff's choice of remedies. The only question then remaining was, Could plaintiff waive her right to sue under the Employers' Liability Act and commence her action under Section 380? That she had a right to waive the particular benefits conferred upon her by the statute seemed to be clear, and beyond question, since no person could be injured thereby. The case, therefore, comes within the principle stated in 25 R. C. L., p. 781, as follows: "Such provisions as the law prescribes for the advantage or protection of individuals may, as a rule, be waived by them, where not inhibited by public policy."

13. It is contended that before plaintiff can avail herself of the right to waive her right to sue under the Employers' Liability Act and sue under Section 380, she must plead the waiver in her complaint. A waiver has been defined by our court, as an intentional relinquishment of a known right. There is a clear distinction between a waiver and an estoppel. If the waiver arises by reason of an estoppel, to be taken advantage of, it must of course be pleaded under the prevailing principle that if there is an opportunity to plead an estoppel, it must be pleaded. But where the waiver contains no element of an estoppel and is not being asserted against an opposing litigant, there is no rule of law requiring that it shall be pleaded.

The question in the case of *Mercer* v. *Germania Ins. Co.,* 88 Or. 410 (171 Pac. 412), concerned a waiver by reason of facts creating an estoppel against the adversary party in an action brought to enforce an insurance policy, and of course it was held that the waiver by defendant of a condition contained in the insurance policy, must be pleaded before it could be taken advantage of by plaintiff. That case, therefore, is not an authority under the facts involved in this action.

14, 15. Had this question been raised in the lower court, this defect, if it is a defect, could have been cured by amendment. The question was not there raised, either by demurrer or by motion. The complaint was demurred to upon the ground that it failed to state facts sufficient to constitute a cause of action. The objection does not go to the sufficiency of the complaint upon that ground. The complaint did state facts sufficient to constitute a cause of action, and the demurrer, therefore, was properly overruled. The objection goes to the legal capacity of the plaintiff to

sue, which is a special ground of demurrer under our Code. If plaintiff did not have a right to come into court because of a want of capacity to sue, the lack of capacity appeared on the face of the complaint, and unless demurred to under our statute, the objection was waived. While, if it did not appear upon the face of the complaint, the objection must be made by answer, and if not made by answer, is waived. Here the alleged defect, if it had been such, appeared upon the face of the complaint, and not having been demurred to upon that special ground, was waived, and cannot be raised for the first time upon this appeal. "A demurrer for this cause [want of capacity to sue] may raise the question appearing upon the face of the complaint, that the right to maintain an action was not in the plaintiff, but in another." 21 R. C. L., p. 526. Having failed to demur upon this ground, and having pleaded to the merits, this objection, if it was an objection, was waived.

The question of whether the particular person, who alone is entitled to prosecute an action under the Employers' Liability Act, to recover for the death of another, may upon being appointed as the personal representative of the deceased, maintain an action under Section 380, is *res nova* in this court. This question has not heretofore been necessary for decision in this court, and no case presenting facts similar to those involved here, has ever been before the court.

The case of *Niemi* v. *Stanley Smith Lumber Co.,* 77 Or. 221 (147 Pac. 532, 149 Pac. 1033), was a case where the administrator suing under the Employers' Liability Act was not the person named by that act as the beneficiary entitled to maintain the action for the death of his intestate. In that case, however, although the judgment in favor of the administrator

was reversed and the action dismissed, it was remanded to the court below without prejudice to the right of the one entitled under the Employers' Liability Act to bring an action for the death of the decedent.

Since the question presented here has not been heretofore decided by this court, and since there is no positive rule of law requiring us to hold that plaintiff, who is the sole beneficiary under the Employers' Liability Act, cannot maintain this action in her representative capacity, and since the prosecution of this action will be a bar to the prosecution of any other action for the death of decedent, the rule stated by us ought to be adopted in the interest of justice.

16. Because of the errors pointed out in our former decision, the judgment must be reversed, but in conformity to the precedent established in *Niemi* v. *Stanley Smith Lumber Co., supra,* the cause will be remanded to the court below, with leave to the plaintiff either to amend her complaint so as to state a cause of action under the Employers' Liability Act, or to continue the prosecution of the present action as she may desire.      REVERSED AND REMANDED.

COSHOW, J., not sitting.

BURNETT, J., Dissents.—From a judgment on the verdict for the defendant, the plaintiff appealed and the decision of the Circuit Court was reversed in an opinion reported *ante,* p. 436 (235 Pac. 694). A rehearing in this court was granted and the cause has been under advisement.

The complaint is too long to set out in full, but the substance is as follows: The plaintiff was appointed administratrix of the estate of Olga Thompson, deceased, and duly empowered by the County Court to

commence this action. The defendant is a corporation engaged in conducting and operating a cannery, and as such "operated certain machinery used as an elevator in said factory," operated by electric power.

On August 16, 1920, the plaintiff's intestate was employed by the defendant to work in the cannery at various tasks, at times on a lacquering machine, and that in the course of her employment, with the knowledge and consent of the defendant, she operated the elevator and that this was a part of the work carried on by her for the defendant in the general course of her employment. The decedent was a minor, about the age of fifteen years, and was inexperienced in the operation or control of the elevator or any other kind of dangerous machinery, and she often operated the elevator with the knowledge and permission of the defendant. The complaint further states that at the time of the accident resulting in the death of the decedent, the operator then in charge and control of the elevator requested and permitted the deceased to operate the same for the purpose of permitting the operator to inspect the machinery while the same was in motion. The complaint also states that there was no bell or other signal on the elevator, or any part thereof, and hence no communication could be had between the operator and any person on any one of the floors of the factory, except by vocal call. Complaint is also made of a defective gate which is said to have fallen upon the girl and so contributed to her death. It is averred that it was practicable to have a safe and suitable gate and guard around the openings of the different floors of the building through which the elevator ran, and to have a system of communication by means of signals, all of which could have been installed and used without

impairing the efficiency of the elevator; that the defendant knew of all these defects but failed to provide against them by suitable appliances, and that all these deficiencies contributed to the death of the decedent. Again, it is charged as negligence that the defendant failed to notify the deceased minor of the danger of the machinery by which the elevator was operated, and this was negligence and the proximate cause of her death. Finally, it is averred that the defendant had put in charge of the elevator, as operator thereof, a boy of the age of fourteen years; that owing to his inexperience he failed to comprehend the danger attendant upon the operation of the elevator by the deceased or to warn her of the danger, and that the violation of the laws of the state in placing the elevator in charge of a boy of that age was neglience contributing to her death.

On the rehearing the contention of the defendant most strongly pressed was that this complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff, administratrix. This is the sole question to be considered at this time, for, if the contention be well grounded, it may be urged for the first time in this court.

In *Duby* v. *Hicks,* 105 Or. 27, 36 (209 Pac. 156), Mr. Justice RAND wrote thus:

"The objection that the complaint does not state facts sufficient to constitute a cause of action, whether demurred to or not under Section 72, Or. L., is never waived. It has always been the law in this state that this objection, whether raised in the lower court or not, could be taken advantage of successfully on appeal. The fact that the objection is raised for the first time on appeal does not in the slightest degree detract from the force of the objection, if the same is well taken. Upon this point it is unnecessary to cite

authorities, but see *Whitney Company, Limited,* **v.**
*Smith,* 63 Or. 187, 191 (126 Pac. 1000).''

In determining the sufficiency of the complaint as
a matter of law we must look to that pleading itself.
It is not enough that the evidence may show a cause
of action in favor of someone.   The complaint must be
sufficient to sustain the cause of action alleged, which
must be in favor of the plaintiff, else the pleading is
insufficient.   The question of a defect of parties is
not raised by the record in this case.   A defect of
parties contemplates a situation where the plaintiff
has stated a cause of action in which he is interested
or is a proper party but his complaint discloses that
complete relief cannot be given without the presence
of some other one, either as plaintiff or defendant.

That provision of Section 68, Or. L., subdivision 4,
''that there is a defect of parties plaintiff or defend-
ant,'' does not apply to a case where the plaintiff has
stated a cause of action which possibly may belong
to some other one but does not in any event belong
to himself.   A complaint by Jones alleging that
Brown had negligently and carelessly driven his auto-
mobile over Smith and had injured the latter cer-
tainly would not state a cause of action in favor of
Jones.   For illustration, a question about defect of
parties properly would arise where the right of action
accrued to two or more lineal heirs of the decedent
and it appeared that some of them were not joined as
parties, but no such case is prosecuted here.

In this case the question is whether the conven-
tional person, known as an administratrix, has stated
a cause of action for that person.   The conventional
person and the natural person are two entirely dis-
tinct entities.   Neither one has any right in common

with the other.  A meticulous perusal of the complaint does not disclose any relation of consanquinity between the plaintiff and the decedent.  All that is said about the character or relation to the case of the plaintiff is contained in the first allegation of the complaint:

"That heretofore, on or about the 3rd day of March, 1921, the plaintiff was by the County Court of the State of Oregon, for Clatsop County, duly appointed administratrix of the estate of Olga Thompson, deceased, and ever since said date this plaintiff has been and is now the duly qualified and acting administratrix of said estate, duly empowered by said County Court to institute and proceed to determination with this cause."

The complaint is utterly barren of any intimation that the individual who appears as administratrix is the mother or other relative of the decedent.  The question then is whether the administratrix of the decedent's estate has stated any cause of action for herself, the proceeds of which would go to the estate of the decedent to be disbursed to her creditors and her heirs.

In the construction of the complaint it matters not that the situation portrayed by that pleading would be more favorable to the defendant and give it more defenses than would arise under the Employers' Liability Act.  The defendant is entitled to meet the complaint as stated and if it does not disclose a cause of action to urge that objection even for the first time in this court.  We have no right to say to him that "you have not been attacked as severely as you might have been, and hence must be satisfied with a defective complaint."

The statute governing in this kind of a case, as delineated in the complaint, is the Employers' Liability Law, enacted by the initiative process in the general election of 1910, and codified in Chapter XIV of Title XXXVIII, Or. L. It is there said in Section 6785, Or. L., that:

"All owners, * * corporations or persons whatsoever, engaged * * in the erection or operation of any machinery, * * shall see that * * all dangerous machinery shall be securely covered and protected to the fullest extent that the proper operation of the machinery permits, and all shafts, wells, floor openings and similar places of danger shall be inclosed, and all machinery other than that operated by hand power shall, whenever necessary for the safety of persons employed in or about the same or for the safety of the general public, be provided with a system of communication by means of signals, so that at all times there may be prompt and efficient communication between the employees or other persons and the operator of the motive power, * * and generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliances and devices."

Every one of the causes of the accident which resulted in the death of Olga Thompson, as delineated in the complaint, is referable to the foregoing section of the act, either in express terms or in lack of the care and precaution enjoined by the law. They spell a clear violation of the act.

As to the party plaintiff, it is stated in Section 6788, Or. L.:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by any owner, contractor or sub-contractor, or any person liable under the provisions of this act, the widow of the person so killed, his lineal heirs or adopted children, or the husband, mother or father, as the case may be, shall have a right of action, without any limit as to the amount of damages which may be awarded; provided, that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have a right to maintain such action for their respective benefit in the order above named."

In that the complaint shows that the defendant was engaged in the operation of machinery, namely: an elevator operated by electric power, and that the floor openings were not properly guarded, and there was no system of communication by means of signals, and that it was practicable, without impairing the efficiency of the machine, to supply those guards for the floor openings and the system of signals, the complaint as to the tort committed is clearly cast under the provisions of the Employers' Liability Law.

It is fallacious to contend that there is any element of common-law liability in this case, where the tort resulted in the death of the person injured. There was no action at common law for the death of a person: *Perham* v. *Portland Electric Co.,* 33 Or. 451 (53 Pac. 14, 72 Am. St. Rep. 730, 40 L. R. A. 799); *McFarland* v. *Oregon Electric Ry. Co.,* 70 Or. 27 (138 Pac. 458, Ann. Cas. 1916B, 527). It was not until the enactment by the English Parliament of what is

known as Lord Campbell's Act, in 1846, that anything could be recovered for the death of the injured person. The principle was that the cause of action for the tort died with the person upon whom the injury was inflicted. In this state any cause of action for the death of a person depends exclusively on statute law.

Neither is it a question of fact whether the action was brought under the Employers' Liability Law or under Section 380, Or. L., or as upon a common-law liability. In *Schulte* v. *Pacific Paper Co.,* 67 Or. 334 (135 Pac. 527, 136 Pac. 5), Mr. Justice Eakin settled the rule thus:

"The principal contention in this case arises from the fact that by the instructions the court submitted to the jury the question whether or not the action is one under the initiative act adopted by the people in November, 1910, known as the employers' liability act (Laws 1911, p. 16), or under the common law liability. The evidence required and admissible under the common law liability and the application of it is very different from that under the statute. To determine whether the action is to be tried and decided under the one or the other was a law question to be decided by the court, and in leaving that question to the jury the court admitted evidence both as to facts that would create a liability under the statute and also evidence to establish a liability under the common law, and permitted it to determine whether the action was under the statute or under the common law liability and whether the evidence was applicable under the one or the other, thus allowing it to decide all the legal questions involved, without any indication as to what decision it should make thereon, and leaving no opportunity for either party to have the action of the jury thereon reviewed. * * Whether the jury determined these matters correctly cannot be known, and it was error for

the court to submit to it the determination of the law questions involved."

In *Poole* v. *Tilford,* 99 Or. 585 (195 Pac. 1114), Mr. Justice BEAN construed the complaint as a matter of law to come within the provisions of the Employers' Liability Act, and on that ground upheld the Circuit Court in charging the jurors according to the statute and refusing to allow them to consider the common law in regard to the assumption of risk.

Preparatory to the discussion of who is entitled to sue on account of such a tort it is apropos to consider two other sections of the Code, reading thus:

Sec. 34. "A father, or in case of the death or desertion of his family, the mother, may maintain an action as plaintiff for the injury or death of a child, and a guardian for the injury or death of his ward."

Sec. 380. "When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $7,500, and the amount recovered, if any, shall be administered as other personal property of the deceased person."

Except as to the amount which may be recovered under Section 380, these two sections have been in the same form since the Code of Civil Procedure was enacted in 1862. Manifestly the complaint cannot be adjudged sufficient under Section 34, for it is not disclosed that the father of the decedent is dead or had deserted his family, nor is it stated in the complaint that the mother is alive or dead or that there was a guardian for the decedent during her lifetime.

Under that section there are only three persons who may commence an action, namely: the father, the mother or the guardian. This plaintiff does not profess to act in either of these three capacities, but only as administratrix of the estate of the decedent. The question naturally arises as to what is the effect upon Section 380 of the subsequent initiative legislation of 1910? It has been well said in several cases that the Employers' Liability Law has not repealed Section 380; *Statts* v. *Twohy Bros.,* 61 Or. 602 (123 Pac. 909). Under the Code of 1862 the whole question of damages for the death of a person was treated in the two Sections, 34 and 380. These are complementary of each other in that, together, they cover in their operation the whole span of a decedent's life. Section 34 relates to his minority and gives to the father or mother or guardian, as the case may be, a cause of action to recover an amount equivalent to what the minor would have earned during his minority and which would have accrued to the plaintiff in the action. Section 380 is intended to apply to the damage accruing to the estate which the decedent, considering his life expectancy and earning ability, would probably have left at his natural death and which, subject to his debts, would go to his heirs: *Schleiger* v. *Northern Terminal Co.,* 43 Or. 4 (72 Pac. 324, 15 Am. Neg. Rep. 688).

The Employers' Liability Law has made a new classification of those who are entitled to bring an action for the death of a person brought about by reason of the shortcomings of a proprietor operating within the meaning of that statute. Instead of giving the probable earnings of a minor decedent to the father, mother or guardian, as under Section 34, or

the probable value of an estate he might have laid up during a natural life to the administrator for the benefit of the creditors and heirs of the deceased, the Employers' Liability Law has prescribed a list of persons entitled to recover in the order named in the statute: First, the widow of the person so killed; second, his lineal heirs; third, his adopted children; fourth, the husband; fifth, the mother; sixth, the father, with the further provision:

" * * that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have a right to maintain such action for their respective benefit in the order above named."

An administrator cannot state a cause of action under the Employers' Liability Law unless it shall be made to appear by the complaint that there is in existence, some relative of the decedent of those named in the statute who is entitled to sue and that such relative does not reside in this state. The defendant has a right to know from the facts stated in the complaint that his antagonist has the exclusive rights to the chose in action as stated. The mention of the statutory list and the order in which the beneficiaries are entitled to recover excludes and limits the general classification under Section 380. It was said by Mr. Justice BENSON in *Niemi* v. *Stanley Smith Lumber Co.,* 77 Or. 221, 234 (147 Pac. 532, 149 Pac. 1033):

"A special provision for a certain class of cases will take that class out of the general terms used in either statute. Thus the Employers' Liability Act provides by whom an action for the wrongful acts or omissions enumerated therein shall be instituted, and, as to a death arising therefrom, it is exclusive

of Section 380, as long as any one of the beneficiaries named therein survive, since the terms of that section are general: * *

"It is conceded that there can be but one recovery; and therefore to hold that the one who first appeals to the courts may thereby bar the other would be to open the gates to an indecent scramble for precedence in beginning an action and would render it possible for a designing person to have himself appointed administrator of the decedent's estate even before the widow and orphaned children had learned of the calamity which had overtaken them."

In that case it was held also that this objection was not to be considered as the subject of a plea in abatement, but that it goes to the merits, and that the complaint "must not only state facts sufficient to entitle some one to recover, but must also show, upon its face, facts which disclose that the plaintiff is the one who is entitled to recover."

Again, the case of *McFarland* v. *Oregon Electric Ry. Co.*, 70 Or. 27 (138 Pac. 458, Ann. Cas. 1916B, 527), treating of the Employers' Liability Law, holds that:

" * * the damages that are recovered in the action for the loss of life of a person killed by the act or omission of another is by Section 4 of the enactment given to the person or persons there specified in the order stated; that such beneficiaries 'as the case may be' are the only persons who can maintain an action for the injury sustained."

Likewise in an opinion by Mr. Justice Bean, writing about the same statute, in *McClaugherty* v. *Rogue River Electric Co.*, 73 Or. 135, 161 (140 Pac. 64, 144 Pac. 569, we read that

" * * the act authorizes but one action for an injury caused by a violation of the law in case of death. Where there is any one of the beneficiaries named

living and in a position to bring the action, it cannot be brought by the personal representative of the decedent under Section 380, L. O. L."

In *Wilcox* v. *Warren Construction Co.*, 95 Or. 125 (186 Pac. 13, 13 A. L. R. 211), it was held that:

"Under Employers' Liability Law, Section 4, as to action for loss of life due to negligence, the action is to be maintained directly by whatever beneficiary is entitled to sue, and not through any intermediary."

In *Saylor* v. *Enterprise Electric Co.*, 106 Or. 421 (212 Pac. 477), Mr. Justice Harris descanted with his usual clarity on the initiatory enactment in question, and concluded his opinion thus:

"The whole history of the preparation, submission and adoption of the act and the language employed in the title and in the body of the statute make it plain that it is designated to protect employees and to give to them or their substitutes, and only to them, the right to prosecute under it an action for damages whenever injury or death results from a violation of it."

These precedents teach that the Employers' Liability Law is peculiar to itself and excludes the other two sections, 34 and 380, from any effect upon cases coming within its scope. True enough it has not repealed those sections *in toto*. It is easy to instance cases to which they apply where there is no element of the Employers' Liability Law present. An illustration might be drawn from almost any automobile accident resulting in loss of life.

*Malloy* v. *Marshall-Wells Hardware Co.*, 90 Or. 303 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589), relied upon to support the contrary view, does not teach that when a cause of action, the facts of which both as to parties and as to accident come within the scope of

118 Or.—31

the act, any party plaintiff may at will abandon the remedy that statute provides and carry on litigation for the same injury under Section 34 or 380, Or. L. In opening the discussion of that subject in that case, Mr. Justice Harris uses this language:

"It is possible, although it is not necessary, to decide that the civil aspect of the statute in turn presents itself in two phases: One where the statute applies with all its incidents, and one when it does not."

What was said in that connection afterwards was *arguendo* and so far as that precedent is concerned leaves the question open. Moreover, all that was said there was in effect that a violation of the statute might possibly be such an act of negligence as would support an action in favor of someone not at all within the terms of the Employers' Liability Law. Several times it has been decided by this court that the violation of a public law is negligence *per se* and not merely evidence of negligence. It was in that view of the evidence that Mr. Justice Harris wrote, and it would naturally follow that anyone injured by the negligence might have a cause of action not governed by the statute in other particulars. For instance a builder erects in a public street scaffolding more than twenty feet high to be used in constructing a large warehouse abutting on the street line, but fails to secure it from swaying so that it falls upon and kills someone lawfully passing along the street. The Employers' Liability Law requires scaffolding to be thus secured. A violation of a statute is negligence *per se* as taught in *Peterson* v. *Standard Oil Co.,* 55 Or. 511 (106 Pac. 337, Ann. Cas. 1912A, 625); *Northwest Door Co.* v. *Lewis Investment Co.,* 92 Or. 186 (180 Pac. 495); *Emmons* v. *Southern*

*Pac. Co.,* 97 Or. 263 (191 Pac. 333), and *Marshall* v. *Olson,* 102 Or. 502 (202 Pac. 736). There would be no relation of employer and workman between the builder and the decedent, yet it is believed none would contend that the personal representative of the latter could not maintain an action against the former under Section 380, and for evidence of negligence in support of his complaint show a violation of the Employers' Liability Law by the builder in the matter of erecting his scaffold. The Malloy case is so explained by Mr. Justice HARRIS in *Saylor* v. *Enterprise Electric Co., supra.*

Of course, Sections 34 and 380 are not completely and entirely repealed, but when a later statute gives to other parties the cause of action that might otherwise arise under these sections, they are excluded by the operation of the new enactment. It cannot be the intent of the law that a defendant may be simultaneously harassed by several parties for the same cause of action, or that the privilege of litigation accrues to the benefit of the first plaintiff in the field, by whatever title he may claim. If, then, the chose in action is completely within the embrace of the Employers' Liability Law, it must be prosecuted by one of those named in that act in the order and under the conditions therein named. It does not belong to another: *Wilcox* v. *Warren Construction Co., supra.*

Under the circumstances detailed by the complaint the action is governed solely and exclusively by the Employers' Liability Law, and as stated in the *McClaugherty* v. *Rogue River Electric Company* case, "it cannot be brought by the personal representatives of the decedent under Section 380." There is no double

remedy for the wrong described in the Employers' Liability Law. Under the facts as alleged the plaintiff must recover under that act or not at all. Particularizing as it does, the act excludes the general terms of Section 380, takes away from the administratrix of the general estate of the decedent this cause of action defined by the Employers' Liability Law, and fixes it upon one of those listed as set out in Section 6788, Or. L., in the order therein named. The only right which the personal representative of the decedent has to operate under that act is contained in the provision in Section 6788:

" * * provided, that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have a right to maintain such action for their respective benefit in the order above named."

The complaint says nothing about whether there are any such persons as those named in the list by whom the action might have been instituted or whether they reside within the State of Oregon. It is only under such conditions that the personal representative can maintain the action, and in order to enjoy this special right the plaintiff must plead the facts constituting the condition under which she operates. In other words, as taught in *Niemi* v. *Stanley Smith Lumber Co.,* if the administratrix sues, she must be able to show, not only a cause of action in favor of someone, but also that she is the one of all those named in the statute that has the right to enforce it. To do this the complaint must state facts sufficient to eliminate all those in the list prior to the plaintiff.

There are two objections to considering the question of the waiver by the mother of the decedent in this case. One is that the waiver affects only the person waiving the right. It cannot operate to confer a right in another that would not otherwise exist. In *Wilcox* v. *Warren Construction Co., supra,* it was ruled that if the cause of action under the Employers' Liability Law is not prosecuted by the one entitled to it in the order named in the list, the chose in action dies with that claimant and does not inure to the benefit of those farther down the list. The case was followed in *Rorvik* v. *North Pacific Lumber Co.,* 99 Or. 58 (190 Pac. 331, 195 Pac. 163), in the opinion of Mr. Justice HARRIS on rehearing, where it was laid down and supported by many precedents that the cause of action arising out of the Employers' Liability Law for the death of an employee is not assignable. From this the conclusion is plain that the claim not being assignable by the affirmative act of a given beneficiary, nothing can accrue to anybody else by mere waiver or failure to act on the part of that beneficiary. The principle is not altered by the possible fact that the person who has taken out letters of administration is the mother of the decedent. The natural and the artificial persons are two distinct individuals. The rule of law is the same as if Jones or Brown had been appointed to administer on the estate of the deceased. The failure of a natural person to prosecute as a real beneficiary named in the list, and in the prescribed order there set out, is not cured by an action brought by an administrator unless it appears that the real beneficiaries do not reside in this state.

Another objection is that in order to be effectual, the waiver must be pleaded in the complaint. As stated by Mr. Justice McCamant, in *Mercer* v. *Germania Ins. Co.*, 88 Or. 410 (171 Pac. 412),—

" * * in an action on a contract plaintiff must prove a right to prevail under the contract unless he alleges in his complaint a waiver on the part of the defendant of some of the provisions of the contract or an estoppel to assert them as a defense." Citing *Hannan* v. *Greenfield*, 36 Or. 97, 102 (58 Pac. 888); *Young* v. *Stickney*, 46 Or. 101 (79 Pac. 345); *Bruce* v. *Phoenix Co.*, 24 Or. 486 (34 Pac. 16); *Long Creek Building Assn.* v. *State Ins. Co.*, 29 Or. 569 (46 Pac. 366); *Cranston* v. *West Coast Life Ins. Co.*, 63 Or. 427 (128 Pac. 427); *Waller* v. *City of New York Co.*, 84 Or. 284 (164 Pac. 959, Ann. Cas. 1918C, 139).

See, also, *Star Sand Co.* v. *Portland*, 96 Or. 323 (189 Pac. 217), and precedents there collated.

In brief, although the complaint states facts, which if true might be a chose in action in favor of someone, the administratrix has not shown that she is that one to commence the action. In view of the fact that the verdict of the jury was in favor of the defendant, it is no hardship to enforce the plain rule of the law that the administratrix has not shown herself entitled to act in enforcing the claim.

The judgment of the Circuit Court should be affirmed.

For these reasons McBride, C. J., joins with me in dissenting.